Lewis SMITH, Plaintiff-Appellant,

v.

CITY OF COVINGTON, John L. "Pop" Turner, Mayor of the City of Covington, the Board of Aldermen of the City of Covington, Minnie Bomar, Leonard Billings, W.B. Enzor, William Beasley, Tommy Hatcher and Theodore Sloan, and the Department of Public Works, Mr. T.K. Fullerton, and the Director of the Department of Public Works, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Oct. 2, 1985.

Affirmed by Supreme Court June 22, 1987.

J. Houston Gordon, Covington, for plaintiff-appellant.

Charles A. Sevier, Memphis, for defendants-appellees.

CRAWFORD, Judge.

This is another of the growing number of cases involving the notice requirements of the Governmental Tort Liability Act, T.C.A. § 29–20–101 *et seq.* Plaintiff, Lewis Smith, filed suit on July 6, 1983, seeking an injunction to abate an alleged nuisance created by the defendant, City of Covington and city officials, and to recover damages for loss of business and property. Plaintiff appeals from the judgment of the trial court denying him damages on the basis that the notice requirements of the Act were not met.

At the conclusion of the bench trial, the trial judge made written findings of fact and the parties agree that the following pertinent findings are correct:

1. The City of Covington's sewer system backed up into the property owned by the plaintiff, Lewis Smith, prior to January 1, 1983, and thereafter through the Spring of 1984, causing damages to the premises owned by Lewis Smith in preventing him from being able to conduct his family operated restaurant business.

2. The backup into and upon Plaintiff's property consisted of noxious odors, filth and unsightly appearing sewage, dangerous to health and, therefore, constitutes a nuisance.

3. The backing up of the sewer was a temporary nuisance in that the nuisance can be abated by the expenditure of money by the Defendant and the Defendant's sewer can be constructed, maintained or repaired so as to prevent the backup.

4. The plaintiff filed suit seeking abatement of the nuisance and damages from the defendants resulting from the nuisance.

\* \* \* \* \* \*

7. The plaintiff suffered loss of profit for a period of nine months, said profit consisting of 70% of gross sales of $134.00 per day (average) for a period of 270 days, or $93.80 per day loss × 270 for a total of $25,326.00. In addition, the plaintiff suffered damages in the form of repairs of the floor, painting, replacement of walls and other material damages to his premises in the amount of $2,150.00 making total damages suffered by the plaintiff as a result of the sewage backups of $27,476.00.

8. The plaintiff appeared before the Mayor and Board of Aldermen of the City of Covington on April 12, 1983, and discussed the sewer backup problem on his property. Shortly thereafter, the Mayor personally visited and inspected the plaintiff's property and the sewage backup.

9. On May 4, 1983, the City's committee on gas, water and sewer met and, among other matters on the agenda, there was some discussion relative to the backup problem on plaintiff's property and how to "avoid any claims."

10. On March 22, 1983, the City received a report on its older sewer system from an engineering firm indicating that an excessive amount of rainwater was getting into the sewers. Defendants deny any relevancy of this fact.

11. The sewer serving plaintiff's property prior to the Spring of 1984 received an excessive amount of rainwater causing it to backup and overflow.

12. The City has, since March 24, 1984, opened up its new sewage treatment plant and the Director of Public Works testified that he believed that this will prevent further backups.

The parties agree that the court correctly found the facts and from our review of the record we cannot say that the evidence preponderates against the trial court's findings of fact. *See* T.R.A.P. 13(d). However, a serious problem is the lack of evidence of facts which we deem essential to a decision in this case.

The issue presented for review is whether the trial court was correct in its conclusion that plaintiff's case must be dismissed for failure to meet the notice requirements

of the Tennessee Governmental Tort Liability Act, T.C.A. § 29–20–101 *et seq.* (1980 and 1984 Supp.). The trial court specifically held "the plaintiff Lewis Smith did not pursuant to T.C.A. §§ 29–20–301, 29–20–302, 29–20–303 and 29–20–204 give written notice in the manner prescribed and required by said statutes to the defendant City of Covington." For the reasons hereinafter set out we affirm the judgment of the trial court, but on different grounds.

The Tennessee Governmental Tort Liability Act expressly provides that except as allowed by the Act all governmental entities are immune from suit for any injuries resulting from the activities of the entity in the exercise or discharge of *any* of its functions. T.C.A. § 29–20–201 (1980). Actions against governmental entities for damages on the theory of liability historically labeled nuisance are included in and covered by the act. *Collier v. Memphis Light, Gas & Water Division,* 657 S.W.2d 771 (Tenn.App.1983).

The case at bar falls into the category of cases covered by T.C.A. § 29–20–204 which states:

*Removal of immunity for injury from dangerous structures—Exception—Notice required.—*

(a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.

(b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29–20–302.

Paragraph (b) of the statute mentions two types of notice in cases coming under this statute, one of which is the procedural notice referred to in T.C.A. § 29–20–302, which was the basis of the trial court's judgment for the city.

■ The other provision of paragraph (b) involves the knowledge of the governmental entity that there is a dangerous or defective condition of its instrumentality. The legislature specifically made the removal of immunity under this statute conditional upon allegation and proof that the entity knew or should have known of the condition of its instrumentality causing the damages complained of. Thus, if the plaintiff is unable to prove that the entity had actual or constructive notice of the defective condition the entity is immune from suit. In this case the trial court found that there was no notice to the city prior to the April 12, 1983, Board of Mayor and Aldermen meeting and the evidence does not preponderate against this finding. Thus, the removal of immunity provided by 29–20–204 does not apply "for any injury caused by the ... defective condition" of the sewer prior to April 12, 1983.

■ The proof is clear that the sewer trouble was of a continuing nature, intermittently backed up on plaintiff's premises and could have been corrected by the expenditure of labor or money. Thus, it constituted a temporary nuisance. *See Caldwell v. Knox Concrete Products, Inc.,* 54 Tenn.App. 393, 391 S.W.2d 5 (1964). Where the nuisance is temporary the damages to plaintiff's property are recurrent and may be recovered from time to time until the nuisance is abated. *Caldwell v. Knox Concrete Products, Inc.,* 391 S.W.2d at 11. The justice of such a rule is aptly stated by our Supreme Court in *Chattanooga v. Dowling,* 101 Tenn. 342 (1898) where the court said:

To hold that, for such a nuisance, the injured party could have only one action, in which he must recover all his damages, past and prospective, would not only be to assume that the wrongdoer will always persist in his misconduct, but would be, in effect, to give him a license to continue in it. The Courts will do neither.

■ Although the evidence indicates there were subsequent recurrences of the sewage backup, the record does not establish the number of the recurrences or the dates thereof. The city would not be immune from suit for the subsequent recurrences because of their knowledge acquired on April 12, 1983. The trial court made no findings from the proof in the record nor

could it make a finding as to when the subsequent backups occurred or of the damages sustained on each occurrence. Without proof of sewage backup occurrences subsequent to April 12, 1983, and damages occasioned thereby there can be no recovery and the lack of proof is fatal to plaintiff's case.

We also note that the trial court considered the plaintiff's cause of action as accruing prior to January 1, 1983, and it is clear that no procedural notice as required by T.C.A. § 29–20–204 (1984 Supp.), was given for that cause of action. The lack of proof of when causes of action accrued for sewage backup subsequent to April 12, 1983, precludes any determination of whether the procedural requirements of notice were met. Accordingly, we concur in the result reached by the trial court, but for a different reason.

Therefore, the judgment of the trial court is affirmed and costs are assessed against the appellant.

NEARN, P.J., W.S., and RUSSELL, Special Judge, concur.