Cheryl E. **GENTRY,** Individually and as next friend of Brandi Gentry, Plaintiff-Appellant

v.

**COOKEVILLE GENERAL HOSPITAL,** Dr. Gary Samples, Dr. James Gray and Dr. Walter E. Derryberry; and the City of Cookeville, Tennessee, Defendants-Appellees

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 8, 1987.

Petition to Rehear Denied by Supreme Court July 27, 1987.

Ben C. Fordham, Tune, Entrekin & White, Nashville, for plaintiff-appellant.

John Poteet, Cookeville, for defendant-appellee City of Cookeville.

## OPINION

TODD, Presiding Judge.

This is an interlocutory appeal by plaintiffs from an order dismissing one of the defendants, The City of Cookeville, Tennessee. The suit is for injuries to the minor plaintiff on the occasion of her birth in Cookeville General Hospital which was operated by the City of Cookeville. Also sued were the physicians who allegedly attended the birth of the child.

The City moved for summary judgment on grounds of failure to give notice of injury within 120 days, the fact that the physicians were not agents of the city/hospital and the one year statute of limitations. The Trial Judge rendered summary judgment in favor of the City on three grounds:

(1) Failure to give notice within 120 days,

(2) The physicians were not agents of the City and the complaint failed to state any cause of action against the City other than the negligence of the physicians, and

(3) The expiration of the one year statute of limitations.

The plaintiffs present five issues for review as follows:

1. Whether or not there were material factual issues concerning when the cause of action arose so as to preclude Summary Judgment on Statute of Limitations grounds against the adult Plaintiff.

2. Whether or not the Complaint, as a matter of law stated a cause of action against the Defendant THE CITY OF COOKEVILLE, where the Complaint charged *all* Defendants with certain particular acts of negligence.

3. Whether or not there were material factual issues as to when the "cause of action arose" so as to preclude Summary Judgment on the grounds that the Plaintiff failed to give notice within 120 days of when the cause of action arose, as required by Tennessee Code Annotated § 29-20-302(a).

4. Whether or not the minority of the Plaintiff BRANDI GENTRY will toll the running of the requirements of T.C.A. § 29-30-302 during the minority of the child or until the disability is removed.

5. Whether or not there were material factual issues as to whether THE CITY OF COOKEVILLE, could have reasonably apprised itself of the occurrence of the incidence or could have done so with the exercise of proper diligence.

It is seen that the second issue deals with part of the second ground of the summary judgment, but *does not challenge* the holding of the Trial Court that there was no dispute of fact as to the agency of the physicians and that the City was entitled to judgment as a matter of law as to the alleged agency of the physicians.

Plaintiffs insist that the complaint states a claim against the City for which relief can be granted in spite of the unchallenged summary judgment that the physicians were not agents of the City.

The holding of the Trial Court that the physicians were not agents of the City had the effect of deleting from the complaint the following:

5. The individual defendants were acting throughout the events described herein as agents and employees of the defendant hospital and, consequently, the defendant hospital is liable for their actions.

Other than the three named physicians who were held not to be agents of the City, the only remaining defendant was the City of Cookeville.

Plaintiffs insist that a case for relief against the City is stated by the following words of the complaint:

6. *All defendants* were negligent in failing to properly manage the pregnancy of the Plaintiff Cheryl Gentry and in failing to perform a Caesarean section much sooner than it was actually performed. *Defendants* knew or should have known of the increased risks and chance of harm to the baby while the delivery was delayed. Further, *all Defendants* were negligent in continuing to administer the drug Pitocin even when it

became readily apparent that the drug was not hastening the birth process. (Emphasis supplied.)

As to plaintiffs' suit against the City, the unchallenged ruling as to non-agency of the individual defendants had the effect of amending the foregoing allegations to read as follows:

> The City of Cookeville was negligent in failing to properly manage the pregnancy of Cheryl Gentry; and in failing to perform a Caesarean section sooner. The City knew or should have known of the risks of delay of delivery and was negligent in continuing to administer the drug Pitocin.

The complaint does not state that the action against the City is brought by virtue of T.C.A. §§ 29–20–201 et seq., the Tennessee Governmental Tort Liability Act, but such Act is the only authority for this action against the City, hence it must be considered the basis of this action.

Said Act, T.C.A. § 29–20–201, provides in pertinent part as follows:

> General rule of immunity from suit— Exception.—(a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.
>
> ....
>
> (c) When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

T.C.A. § 29–20–205 provides in pertinent part:

> ... Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of *any employee within the scope of his employment....* (Emphasis supplied.)

■ A complaint against a governmental entity for tort must overtly allege that the tort was committed by an employee or employees of the governmental entity within the scope of his or their employment. A complaint which does not so state does not state a claim for which relief can be granted because the action is not alleged to be within the class of cases excepted by the statute from governmental immunity.

■ The complaint, as amended by the dismissal of the individual defendants, does not state a claim for which relief can be granted against the City.

Other issues presented by appellants are pretermitted.

The judgment of the Trial Judge is affirmed. Costs of this appeal are taxed against appellants. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Affirmed and Remanded.

CANTRELL, J., and LLOYD TATUM, Special Judge.