Ashley LOCKHART, A minor, by parents and next friends, Shearll LOCKHART and Adrian Lockhart, and Shearll Lockhart and Adrian Lockhart, Individually, Plaintiffs–Appellants,

v.

JACKSON–MADISON COUNTY GENERAL HOSPITAL, the City of Jackson, Tennessee, and Madison County, Tennessee, Defendants–Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

March 28, 1990.

Application for Permission to Appeal Denied by Supreme Court June 11, 1990.

L.L. Harrell, Jr., Trenton, for plaintiffs-appellants.

Paul F. Rice, Jackson, for defendants-appellees.

CRAWFORD, Judge.

Plaintiffs appeal from the order of the trial court dismissing their complaint.

Ashley Lockhart, a minor, by her parents and next friends, and her parents Adrian and Shearll Lockhart, individually, sued Jackson–Madison County General Hospital. Although the complaint does not state that the suit is brought pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. §§ 29–20–101 to 29–20–407 (1980), it is conceded by the parties that the suit is brought pursuant thereto. The complaint as amended alleges that on September 25, 1986, Shearll Lockhart and her newborn daughter were patients in the hospital. The child was taken from their hospital room by two women who posed as employees of the defendant hospital. Shortly thereafter, Shearll Lockhart learned that the child had been in fact abducted and removed from the hospital by the two women. After a period of time, the child was recovered in McNairy County, Tennessee. The complaint states:

4. Plaintiffs, Shearll Lockhart and Adrian Lockhart, aver that upon learning of the disappearance and taking of their minor child, they became very upset, resulting in emotional and mental damage and trauma to them. They further aver the said emotional and mental damages and trauma to them were of such extreme nature, so as to constitute injuries to them physically, and that said injuries have resulted in physical and mental damages and/or injuries, and they have been advised that their emotional, mental and resulting physical injuries and damages are permanent. They further aver as a result of the negligent actions of the defendants that they have incurred expenses for the care and treatment of their damages and injuries, and because

of the serious and permanent nature of their injuries that they will continue to experience additional expense in the future. Plaintiffs further aver as a result of the negligent actions of the defendants and resulting injuries to them that they have been forced to miss time from their employment, and because of the serious and permanent nature of their damages and injuries that they will continue to be handicapped and restricted in their ability to work and make a living.

The complaint alleges that plaintiffs' damages were proximately caused by various negligent acts of defendant as set out in the complaint.

In response to the complaint, defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. Although the trial court's order of dismissal reflects that the dismissal is based upon the failure of the complaint to state a cause of action upon which relief can be granted, the record includes excerpts from discovery depositions of the plaintiffs concerning their alleged injuries. In summary, the excerpt states that Mr. and Mrs. Lockhart were scared and are still scared, that Mrs. Lockhart can't sleep and has become overprotective and depressed, that Mrs. Lockhart is undergoing medical treatment with a psychiatrist and she is taking medication for a nervous condition and depression.

Plaintiffs' attorney concedes in their brief and conceded in oral argument before this Court, that there was no physical injury inflicted upon the minor child and that the real issue is whether, under the Tennessee Governmental Tort Liability Act, plaintiffs, as parents, have a cause of action arising out of the emotional and psychological injuries inflicted upon them as a result of their child's kidnapping.

Rule 12.02, Tenn.R.Civ.P. provides in part:

... If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, ...

In view of the apparent consideration by the court of the depositions of the parties, and the plaintiffs' stipulation as to the issue in this Court, we will treat the matter as if it were disposed of by summary judgment.

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56, Tenn.R.Civ.P.

The Tennessee Governmental Tort Liability Act, enacted in 1973, is premised explicitly on the absolute immunity of the governmental entity. T.C.A. § 29–20–201 (1980) provides:

**General rule of immunity from suit—Exception.**—(a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of said governmental entities wherein said governmental entities are engaged in the exercise and discharge or any of their functions, governmental or proprietary.

(b) When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

"This section merely codifies the existing constitutional doctrine as to the immunity from suit of municipalities acting in their governmental capacity, but the act is equally explicit as to the immunity for governmental activities in a proprietary capacity." *Collier v. Memphis Light, Gas & Water Div.,* 657 S.W.2d 771 (Tenn.App.1983).

T.C.A. § 29–20–205 (1980) provides in part pertinent to the issue before us as follows:

**Removal of immunity for injury caused by negligent act or omission of employees—Exceptions.**—Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

\*     \*     \*     \*     \*     \*

(2) Arises out of false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, *infliction of mental anguish,* invasion of right of privacy, or civil rights; (Emphasis added).

\*     \*     \*     \*     \*     \*

Defendant asserts that plaintiffs' allege only injuries arising out of the infliction of mental anguish and therefore there is no removal of immunity by virtue of T.C.A. § 29–20–205. Thus, to resolve the issue we are required to construe the statute.

■ The Tennessee Governmental Tort Liability Act is in derogation of the common law and therefore must be strictly construed. *Austin v. County of Shelby,* 640 S.W.2d 852 (Tenn.App.1982).

In *City of Caryville v. Campbell County,* 660 S.W.2d 510 (Tenn.App.1983), this Court said:

> The rule of statutory construction to which all others yield is that the intention of the legislature must prevail. *City of Humboldt v. Morris,* 579 S.W.2d 860, 863 (Tenn.App.1978); *see Tidwell v. Collins,* 522 S.W.2d 674, 676 (Tenn.1975). Legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire statute, and without any forced or subtle construction to limit or extend the import of the language. *Worrall v. Kroger Company,* 545 S.W.2d 736, 738 (Tenn.1977); *see City of Lenoir v. State ex rel. City of Loudon,* 571 S.W.2d 297, 299 (Tenn.1978).

> It is the duty of the court to reconcile inconsistent or repugnant provisions of a statute and to construe a statute so that no part will be inoperative, superfluous, void or insignificant. It must give effect to every word, phrase, clause and sentence of the act in order to achieve the Legislature's intent, and it must construe a statute so that no section will destroy another. *Tidwell v. Collins, supra* at 676–677.

660 S.W.2d at 512.

■ In the instant case the applicable language of T.C.A. § 29–20–205 is as follows:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

> \*     \*     \*     \*     \*     \*

> (2) Arises out of ... infliction of mental anguish....

In cases not involving the doctrine of governmental immunity, our courts have, with certain exceptions, generally denied recovery where the defendant's negligence causes mental disturbance with no physical injury or physical consequence. *Laxton v. Orkin Exterminating Co., Inc.,* 639 S.W.2d 431 (Tenn.1982). The Court in *Laxton* carved out yet another exception to the general rule after discussing the various exceptions that had previously been allowed by our courts. 639 S.W.2d at 433–34.

Most of the cases cited in *Laxton* predate the passage of the act in question, and we find it significant that the legislature, knowing that various exceptions had been made to the general rule, specifically made provisions in the act that governmental immunity would not be removed for any injury arising out of "infliction of mental anguish." The language of the statute is clear and unambiguous that the legislature did not remove governmental immunity for any injury which arises out of mental an-

guish. We believe the plain language of the statute justifies no other construction of the legislature's intent.

We also note that the complaint in the instant case should be dismissed for failure to state a claim because there is no allegation in the complaint that the tort for which suit was brought was committed by an employee of the hospital acting within the scope of employment. In *Gentry v. Cookeville General Hospital*, 734 S.W.2d 337 (Tenn.App.1987), the Middle Section of this Court dealing with similar allegations, stated:

> A complaint against a governmental entity for tort must overtly allege that the tort was committed by an employee or employees of the governmental entity within the scope of his or their employment. A complaint which does not so state does not state a claim for which relief can be granted because the action is not alleged to be within the class of cases excepted by the statute from governmental immunity.

734 S.W.2d at 339.

Accordingly, the judgment of the trial court is affirmed. Costs of appeal are assessed against the appellants.

HIGHERS and FARMER, JJ., concur.