Tommy LEE, Plaintiff/Appellant,

v.

CITY OF CLEVELAND, Defendant/Appellee.

Court of Appeals of Tennessee, Western Section at Knoxville.

April 20, 1993.

Application for Permission to Appeal Denied by Supreme Court July 6, 1993.

O. Michael Carter, David M. Sibley, Lusk, Carter & McGhehey, Chattanooga, for plaintiff/appellant.

John F. Kimball, Barrett T. Painter, Bell and Associates, Cleveland, for defendant/appellee.

FARMER, Judge.

Plaintiff sued the City of Cleveland alleging that the blockage in the sewer system caused sewage to back-up and flow onto his business. The trial court granted the City's motion to dismiss for failure to state a cause of action under Rule 12.02(6) T.R.C.P. The issue presented is "[w]hether the trial court erred in concluding that the plaintiff's complaint, as amended, failed to state a cause of action under the Tennessee Governmental Tort Liability Act, §§ 29–20–204–205."

■ The complaint states:

3. On or about July 22, 1992, Delaney Insulation Company was substantially damaged by an apparent blockage in the sewer system. As a consequence of the resultant back-up, sewage poured onto the premises of Delaney Insulation Company. The City of Cleveland was notified of the problem through notice to their water department personnel, who came onto the premises to inspect the problem. Defendant is responsible for its sewer system and failed to exercise due care to maintain the system in a responsible manner.

4. Furthermore, Defendant is responsible for the trespass on the premises of Delaney Insulation Company arising from the sewage backing up into the premises.

5. As a result of the failure of the defendant to adequately design, install or maintain the sewer system and as a result of the trespass on plaintiff's premises, plaintiff has suffered loss of inventory, supplies and loss of the business and diminution of the value of his building.

6. This suit is brought under the Tennessee Governmental Tort Liability Act generally, and specifically liability arises pursuant to T.C.A. § 29–20–204 and 205, and damages in the amount of approximately Fifty Thousand Dollars ($50,-000.00) are sought in this action.

The Governmental Tort Liability Act is premised on the absolute immunity of the governmental entity. T.C.A. § 29–20–201 provides:

**General rule of immunity from suit—Exception.**—(a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

. . . .

(c) When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

T.C.A. § 29–20–205 provides in pertinent part:

**Removal of immunity for injury caused by negligent act or omission of employees—Exceptions.**—Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of *any employee within the scope of his employment. . . .* (Emphasis added.)

In *Gentry v. Cookeville General Hosp.,* 734 S.W.2d 337 (Tenn.App.1987), the Middle Section of this Court stated:

A complaint against a governmental entity for tort must overtly allege that the tort was committed by an employee or employees of the governmental entity within the scope of his or their employment. A complaint which does not so state does not state a claim for which relief can be granted because the action is not alleged to be within the class of cases excepted by the statute from governmental immunity.

734 S.W.2d at 339. *Lockhart v. Jackson–Madison County General Hosp.,* 793 S.W.2d 943, 946 (Tenn.App.1990). The complaint does not state a claim for relief which can be granted against the city.

Appellant further argues that he was hampered in his investigation by the fact that the instrumentality was under the exclusive control of the defendant and the sufficiency of his case cannot be adequately judged until he has been afforded an opportunity to conduct discovery. The complaint was filed December 2, 1991 and

an amended complaint was filed January 17, 1992. The order of dismissal was filed May 8, 1992. There is no indication in the record that Appellant asked the trial court for additional time to conduct discovery or that he attempted to conduct discovery.

T.C.A. § 29–20–204 states:

**Removal of immunity for injury from dangerous structures—Exception—Notice required.**—(a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.

(b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29–20–302.

According to the trial court's memorandum opinion, both parties admit that there is no allegation that the city had any actual or constructive notice of the defectiveness of the sewer. "The legislature specifically made the removal of immunity under this statute conditional upon allegation and proof that the entity knew or should have known of the condition of its instrumentality causing the damages complained of." *Smith v. City of Covington*, 734 S.W.2d 327, 329 (Tenn.App.1985).

The judgment of the trial court is affirmed. Costs of this cause are taxed to the appellant for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.