IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 21, 2004 Session

**SHERRY PEARSON As Next of Kin of Addie Pearson, Deceased v. VENCOR NURSING CENTER LIMITED PARTNERSHIP, ET AL.**

**A Direct Appeal from the Circuit Court for Carroll County**
**No. 4446     The Honorable Julian P. Guinn, Judge**

_____

**No. W2003-02135-COA-R3-CV - Filed July 16, 2004**

_____

Plaintiff sued defendant nursing home located in Carroll County for damages for the injuries and death of plaintiff's decedent while a patient in the nursing home. Defendant-nursing home, in its answer, alleged comparative fault on the part of Jackson-Madison County General Hospital, a governmental entity. Plaintiff amended her complaint to allege fault on the part of the hospital. The hospital then filed a motion to dismiss for improper venue which was denied by the trial court. The case is before this Court on a Rule 9 Interlocutory Appeal. We reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Jerry D. Kizer, Jr. and Patrick W. Rogers of Memphis for Appellant, Jackson-Madison County General Hospital District

Christopher L. Taylor of Memphis for Appellee, Sherry Pearson as next of kin of Addie Pearson, deceased

**OPINION**

Addie Pearson ("Decedent)"  was a resident of Vencor Nursing Center d/b/a Huntingdon Health and Rehabilitation Center ("Vencor")  at the time of her death on September 30, 2001. Vencor is located in Carroll County, and all of Vencor's nursing services were provided in Carroll County. Prior to her death, the Decedent had been hospitalized various times at Jackson-Madison County General Hospital, owned and operated by Jackson-Madison County General Hospital District ("Hospital" or "Appellant") , a governmental entity. All of the care provided to the Decedent by Hospital occurred at the Jackson-Madison County General Hospital, located in Madison County, Tennessee. Hospital's principal office is also in Madison County.

The next of kin of the Decedent, Sherry Pearson ("Ms. Pearson or "Plaintiff,") filed a negligence action against Vencor[1] in the Carroll County Circuit Court on March 13, 2002, alleging that Vencor's negligence in the Decedent's care and treatment ultimately led to her death. Hospital was not named as a defendant in the original complaint.

On March 28, 2002, the case was removed by Vencor to the United States District Court, Western District of Tennessee based on diversity jurisdiction. In its Answer in federal court, Vencor alleged as an affirmative defense the purported negligence of Hospital as a proximate cause of the decedent's injuries. Plaintiff then sought, and was granted, permission to amend her complaint to include Hospital.[2] The Amended Complaint was filed July 2, 2002.

Asserting that its addition destroyed complete diversity, Hospital, on November 12, 2002, moved to dismiss for lack of subject matter jurisdiction. On January 3, 2003, the District Court denied Hospital's Motion to Dismiss but remanded the case to Carroll County Circuit Court to determine whether venue was proper in Carroll County.

On February 7, 2003, Hospital filed a Motion to Dismiss for Improper Venue in the Carroll County Circuit Court. The Circuit Court denied the motion, and Hospital subsequently moved for an interlocutory appeal. On August 8, 2003, the Circuit Court granted the motion, and Hospital filed a Tenn. R. App. P. 9 application for permission to appeal to this Court, which we subsequently granted.

Hospital presents one issue for review: whether the trial court erred in denying Hospital's motion to dismiss for improper venue.

The trial court's denial of Hospital's motion to dismiss for improper venue is a question of law. As such, our review of the trial court's order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. Appl. P. 13(d); *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); *Sims v. Stewart*, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

Plaintiff asserts that venue in Carroll County is proper pursuant to T.C.A. § 20-4-101 (1994), which provides:

> 20-4-101. **Transitory actions**.
> (a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.

---

[1] Plaintiff originally filed suit against Kindred Healthcare Operating, Inc. d/b/a Huntingdon Health and Rehabilitation Center but was allowed to amend her complaint to change the defendant's name to Vencor.
[2] Plaintiff also amended her complaint add as a defendant West Tennessee Healthcare, Inc., but that party has been dismissed from the case and is therefore not a party to the appeal.

(b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.

(c) Where the action is brought either in the county where the cause of action arose or in the county where the defendant resides, process may be sent to another county as in local action, and it shall not be necessary nor required that the defendant be in the county of action either when the action is commenced, or during the time between the commencement of the action and service of process.

Plaintiff maintains, and we agree, that the original complaint was properly filed in Carroll County pursuant to the above statute. It is Plaintiff's position that since Vencor is a real and material defendant, Hospital was properly joined as a defendant pursuant to T. R. Civ. P. 20. Plaintiff relies upon this Court's decision in **Fred's Finance Co. v. Fred's of Dyersburg, Inc.**, 741 S.W.2d 903 (Tenn. Ct. App. 1987), in which this Court adopted the statement of the Supreme Court of Missouri in **State ex rel. Allen v. Barker**, 581 S.W.2d 818, 824 (Mo.1979) that "the issues of proper venue are contingent upon whether there is proper joinder of parties." 741 S.W.2d at 908. We continue to agree with the adopted statement, as a general rule, but with a caveat "unless established law is to the contrary." Moreover, we note that the venue statute on which Plaintiff relies applies "***unless venue is otherwise expressly provided for***." T.C.A. § 20-4-101 (a).

The suit against Hospital, a governmental entity, is controlled by the Tennessee Governmental Tort Liability Act, 1973 Tenn. Pub. Acts, ch. 345, codified as T.C.A. § 29-20-10 et seq. Section 17 of the Act provides:

SECTION 17. Venue of Actions. Suits filed under this act must be brought in the county in which said governmental entity is located. A governmental entity operating in more than one county shall be deemed to be located in the county where its principal office is found.

This section of the act was originally codified as T.C.A. § 23-3320 and was amended by 1980 Tenn. Pub. Acts, ch. 828, to add the provision for venue also in the county in which "the incident occurred from which the cause of action arises."

"Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17. The enactment of the 1973 Act explicitly reiterates the absolute immunity of governmental entities. The Act, as codified in § 29-20-201, states, in pertinent part:

(a)  Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

*          *          *

(c)  When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

This section codifies the existing constitutional doctrine as to immunity from suit of municipalities acting in their governmental capacity.  However, the Act is equally clear as to immunity for their activities in a proprietary capacity as well.  ***See Crowe v. John W. Harton Memorial Hospital***, 579 S.W.2d 888 (Tenn. Ct. App. 1979).

After the act declares the absolute immunity of the governmental entities, it proceeds to remove the immunity for various suits against governmental entities.

In the instant case, Plaintiff asserts a claim against Hospital, a governmental entity, for acts that occurred in Madison County, the site of the Hospital.  The Act clearly provides that a suit may be brought in the county in which the governmental entity is located or where the incident creating the cause of action arises.  T.C.A. § 29-20-308.  Neither of these conditions exists.  The constitution authorizes the legislature to provide for suit against the state and its entities in such a manner and in such courts as may be directed.  Tenn. Const. art. I, § 17.  Moreover, the Act specifically provides: "When immunity is removed by this chapter, any claims for damages must be brought in ***strict compliance*** with the terms of this chapter.  T.C.A. § 29-20-201 (c) (emphasis added).

The Governmental Tort Liability Act is in derogation of the common law and must be strictly construed.  ***Lockart ex rel. Lockart v. Jackson-Madison County General Hosp.***, 793 S.W.2d 943 (Tenn. Ct. App. 1992).  Essentially, the right to sue Hospital was granted to Plaintiff by statute, which provided the manner and place for filing of such a suit.  If a change is to be made in the statute to allow suits in jurisdictions other than those set out in the statute, it is for the legislature and not this Court to make such a provision.

Accordingly, the order of the trial court denying the defendants' motion to dismiss is reversed, and the case is remanded to the trial court for entry of an order dismissing the case as to Hospital.  Costs of the appeal are assessed to Plaintiff, Sherry Pearson, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

-4-