IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 11, 2018 Session

## LOUISE BRANDON v. SHELBY COUNTY TENNESSEE, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-003793-16  Robert L. Childers, Judge**

———————————————————

### No. W2017-00780-COA-R3-CV

———————————————————

Plaintiff/Appellant appeals the dismissal of her negligence action against Shelby County, Tennessee, brought pursuant to the Tennessee Governmental Tort Liability Act. The trial court found that Appellant's complaint contained a fatal deficiency in that it failed to allege Appellant's injuries were sustained as a result of a government employee's negligent act or omission while acting within the scope of his or her employment. Discerning no error, we affirm

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and BRANDON O. GIBSON, JJ., joined.

Christopher L. Taylor, Memphis, Tennessee, for the appellant, Louise Brandon.

John Marshall Jones, Memphis, Tennessee, for the appellees, Shelby County, Tennessee, and Shelby County Division of Corrections.

## OPINION

### Background

This is a premises liability action against Shelby County, Tennessee, pursuant to the Tennessee Governmental Tort Liability Act ("GTLA"). On September 27, 2015, Plaintiff/Appellant Louise Brandon ("Appellant") allegedly sustained injuries after stepping out of an elevator at the Shelby County Criminal Justice Complex. According to Appellant, the floor outside of the elevator was wet due to having been recently mopped, although there was no sign indicating the condition of the wet floor. On September 15, 2016, Appellant filed a complaint in the Circuit Court for Shelby County ("trial court"),

naming Shelby County Tennessee, Shelby County Division of Corrections, (together, "Appellees") and the City of Memphis[1] as defendants. Appellant's complaint alleged, in pertinent part:

> 6. On or about September 27, 2015, [Appellant] was stepping off the elevator when she slipped and fell on a wet floor. There were no signs warning that the floor was wet after an employee of

Clearly, the above allegation omitted certain information that was apparently intended to have been included.

On October 4, 2016, Appellees filed their answer and moved for judgment on the pleadings, alleging that Appellant failed to state a claim for which relief could be granted. Relying on *Gentry v. Cookeville Gen. Hosp.*, 734 S.W.2d 337 (Tenn. Ct. App. 1987), Appellees argued that Appellant's claim failed because she did not overtly allege that any employee of Shelby County negligently caused Appellant's injuries while acting within the scope of his or her employment, as is required in a GTLA action. On February 24, 2017, Appellant moved to amend her complaint and sought to add to paragraph six the following language: "Shelby County, Tennessee, Shelby County Corrections Department, or City of Memphis (Defendants) has mopped the floor."[2] According to Appellant, paragraph six was inadvertently left incomplete, and the proposed language was sufficient to cure the alleged pleading defect. Appellees opposed the motion to amend, asserting that the amendment would be futile, as the proposed language still did not include any allegation that an employee of Appellee negligently caused Appellant's injuries while acting within the scope of his or her employment.

On March 3, 2017, the trial court conducted a hearing on Appellees' motion for judgment on the pleadings and Appellant's motion to amend her complaint. The trial court granted Appellees' motion and entered an order dismissing the case on March 21, 2017. Notably, the trial court found in its order that "even if [Appellant's] Motion to Amend Complaint were granted, [Appellant's] pleading does not 'overtly allege that the tort was committed by an employee or employees of [Shelby County, Tennessee or

---

[1] The City of Memphis is not a party to this appeal, as a voluntary nonsuit was entered by the Appellant on April 6, 2017, acknowledging that the City is not a proper party in this case.

[2] To be clear, paragraph six of Appellant's complaint would read as follows had the trial court granted Appellant's motion to amend:

> 6. On or about September 27, 2015, Plaintiff Louise Brandon was stepping off the elevator when she slipped and fell on a wet floor. There were no signs warning that the floor was wet after an employee of Shelby County, Tennessee, Shelby County Corrections Department, or City of Memphis (Defendants) has mopped the floor.

2

Shelby County Division of Corrections] within the scope of his or their employment.'" (citing *Gentry*, 734 S.W.2d at 339). Appellant filed a notice of appeal on April 19, 2017.

## Issue Presented

The only issue presented for review in this appeal is whether the trial court erred in granting Appellees' motion for judgment on the pleadings based upon the conclusion that Appellant failed to properly plead a GTLA claim.

## Standard of Review

At issue is the sufficiency of Appellant's complaint. In order to test the sufficiency of a complaint, "any party may move for judgment on the pleadings." Tenn. R. Civ. P. 12.03. Such a motion must be brought "after the pleadings are closed but within such time as not to delay the trial." *Id.* This Court reviews the grant of a motion for judgment on the pleadings in the same manner it reviews a motion to dismiss for failure state a claim for which relief can be granted, as these claims are "essentially the same." *Harman v. Univ. of Tennessee*, 353 S.W.3d 734, 736 (Tenn. 2011) (citing *Timmins v. Lindsey*, 310 S.W.3d 834, 838 (Tenn. Ct. App. 2009)). Thus,

> [W]e must construe [the complaint] in the plaintiff's favor, "by taking all factual allegations in the complaint as true and by giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts." *Satterfield v. Breeding Insulation Co.,* 266 S.W.3d 347, 352 n. 1 (Tenn. 2008) (citing *Lanier v. Rains,* 229 S.W.3d 656, 660 (Tenn. 2007)). "A trial court should grant a motion to dismiss 'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Webb v. Nashville Area Habitat for Humanity, Inc.,* 346 S.W.3d 422, 426 (Tenn. 2011) (quoting *Crews v. Buckman Labs. Int'l, Inc.,* 78 S.W.3d 852, 857 (Tenn. 2002)); *see also Lanier*, 229 S.W.3d at 660; *Doe v. Sundquist,* 2 S.W.3d 919, 922 (Tenn. 1999); *Pemberton v. Am. Distilled Spirits Co.,* 664 S.W.2d 690, 691 (Tenn. 1984); *Fuerst v. Methodist Hosp. S.,* 566 S.W.2d 847, 848 (Tenn. 1978); *Ladd v. Roane Hosiery, Inc.,* 556 S.W.2d 758, 759–60 (Tenn. 1977). The determination of whether the facts, as set forth in the complaint, constitute a cause of action presents a question of law, *Timmins,* 310 S.W.3d at 838–39, and, accordingly, our review is de novo with no presumption of correctness. *Graham v. Caples,* 325 S.W.3d 578, 581 (Tenn. 2010); *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008).

*Harman*, 353 S.W.3d at 736–37.

3

**Discussion**

Appellant brings this claim pursuant to the GTLA, which is found at Tennessee Code Annotated section 29-20-101, *et seq.* The GTLA provides, in relevant part, that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a); *see also **Limbaugh v. Coffee Med. Ctr.**,* 59 S.W.3d 73, 79 (Tenn. 2001) ("[T]he General Assembly enacted the Tennessee Governmental Tort Liability Act . . . to codify the general common law rule that all governmental entities shall be immune from suit[.]").

The GTLA, however, contains exceptions that remove governmental immunity under certain circumstances. Relevant to this case, Tennessee Code Annotated section 29-20-205 provides that immunity from suit "is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment[.]" Tenn. Code. Ann. § 29-20-205. Thus, as in the present case, a plaintiff who has allegedly suffered an injury at the hands of a negligent government employee acting in the scope of his or her employment may bring suit against the relevant government entity.

However, it has long been recognized that in order to hold a governmental entity liable under the GTLA, "any claim for damages must be brought in strict compliance with the terms" of the Act. Tenn. Code Ann. § 29-20-201(c); *see also **Clary v. Miller**,* 546 S.W.3d 101, 108 (Tenn. Ct. App. 2017) ("We construe statutes waiving governmental immunity strictly because they are in derogation of the common law, and this rule of construction has been expressly incorporated into the GTLA.") (citation omitted); ***Hill v. Lamberth**,* 73 S.W.3d 131, 134 (Tenn. Ct. App. 2001) ("[C]ourts are required to strictly construe the Act, because the Act is in derogation of the common law.").

Accordingly, this Court has previously concluded that "[a] complaint against a governmental entity for tort must **overtly** allege that the tort was committed by an employee or employees of the governmental entity within the scope of his or their employment." ***Gentry v. Cookeville Gen. Hosp.**,* 734 S.W.2d 337, 339 (Tenn. Ct. App. 1987) (emphasis added). Indeed, "[a] complaint that does not so state does not state a claim for which relief can be granted because the action is not alleged to be within the class of cases excepted by the statute from governmental immunity." ***Id.*** In keeping with ***Gentry***, Tennessee courts have consistently required that when a complainant seeks damages under the GTLA, the complaint must explicitly allege that the employee causing the injury was acting *within the scope of his or her employment* when the negligence occurred; otherwise, the complaint is considered deficient and is subject to dismissal. *See, e.g., **Largin v. Williamson Cty. Animal Control Ctr.**,* No. M2005-01255-COA-R3-CV,

2006 WL 2619973, at \*3 (Tenn. Ct. App. Sept. 12, 2006) (upholding the dismissal of plaintiff's GTLA claim where there was no allegation in the complaint that the tort for which the action was brought was committed by an employee of the county acting within the scope of his or her employment); *McClellan v. City of Knoxville*, No. 03A01-9604-CV-00119, 1996 WL 591180, at \*5 (Tenn. Ct. App. Oct. 11, 1996) (plaintiff did not properly plead a claim under the GTLA where her complaint failed to allege that her injuries were proximately caused by a negligent act or omission of any government employee acting within the scope of his employment); *Willis v. Guyton*, No. 02A01-9311-CV-00247, 1995 WL 328714, at \*3 (Tenn. Ct. App. June 2, 1995) ("Therefore, if the complaint does not specifically allege that the injury for which suit was brought was committed by an employee of the governmental entity acting within the scope of employment, it does not state a claim for which relief can be granted because the action is not alleged to be within the class of cases excepted by the statute from governmental immunity."); *Lee v. City of Cleveland*, 859 S.W.2d 347, 348 (Tenn. Ct. App. 1993) (affirming the trial court's dismissal of plaintiff's action because under the demands of *Gentry*, the complaint failed to state a claim for which relief could be granted).

Turning to the present case, the parties dispute whether Appellant has sufficiently pleaded her GTLA claim in light of *Gentry*. The complaint states, in pertinent part:

> 6. On or about September 27, 2015, [Appellant] was stepping off the elevator when she slipped and fell on a wet floor. There were no signs warning that the floor was wet after an employee of [sic].

> 7. As a result of this fall, the [Appellant] sustained severe and disabling injuries and continues to experience symptoms resulting from same.

> \*   \*   \*

> 9. The [Appellees] created the dangerous condition and failed to make sure the hallway was safe. The negligence of the [Appellees] and/or agents of the [Appellees] is the proximate cause of the accident, injuries and damages sustained by the [Appellant].

> DUTIES AND ACTS OF NEGLIGENCE

> 10. It was the duty of the [Appellees] to maintain the property and premises in a reasonably safe condition, such that [Appellant] would not be injured by the unsafe and dangerous environment that the [Appellees] permitted to exist and/or the negligent acts of the [Appellees] or their employees upon the property and premises.

5

11. The [Appellant] avers that the [Appellees] were negligent in the following respects:

> a) Carelessly and negligently permitting and allowing floor to be wet without warning to remain through which the [Appellant] was walking, rendering the hallway and/or floor unsafe.

Clearly, the complaint contains no express allegation that an employee of Appellee negligently caused Appellant's injuries *while acting within the scope of his or her employment*. Appellant argues on appeal, however, that the language of the complaint clearly and overtly "allege[s] misconduct on behalf of [Appellees], its agents or employees." In the Appellant's view, this Court should infer from the above allegations that negligence occurred while a government employee was acting within the scope of his or her employment because this Court "must accept as true all well-pleaded facts and all reasonable inferences drawn therefrom." Thus, while Appellant admits that paragraph six of the complaint is incomplete, she urges this Court to infer from the allegations that the negligence alleged was committed by one of Appellees' employees acting within the scope of his or her employment. According to Appellant, such an approach would satisfy the mandates of *Gentry*.

Respectfully, we do not agree with Appellant's contention that we may infer such an allegation from her pleading. Although we agree that in construing pleadings, we generally must draw all reasonable inferences in favor of the plaintiff, see *Satterfield v. Breeding Insulation Co.,* 266 S.W.3d 347, 352 n.1 (Tenn. 2008), the unambiguous holding of *Gentry* places a higher burden on a plaintiff in order to remove governmental immunity under the GTLA. As previously discussed, any claim for damages under the GTLA must be brought in strict compliance with the demands of the GTLA. Tenn. Code Ann. § 29-20-201(c). Pursuant to this Court's well-settled interpretation of the GTLA, in order to remove immunity under the statute, any complaint seeking to hold a governmental entity liable for the negligence of an employee under the GTLA must contain an express allegation that negligence occurred while a government employee acted within the scope of his or her employment. *See Gentry*, 734 S.W.2d at 339; *see also* Tenn. Sup. Ct. R. 4(G)(2) ("Opinions reported in the official reporter . . . shall be considered controlling authority for all purposes unless and until such opinion is reversed and modified by a court of competent jurisdiction."). Although Appellant has indeed asserted that a tortious act occurred, the complaint contains no allegation that the negligence leading to Appellant's injury was committed by Appellees' employee acting within the scope of his or her employment. Consequently, Appellant's complaint lacks a fundamental component of a properly pleaded GTLA claim.[3]

---

[3] As previously discussed, following the filing of the motion for judgment on the pleadings, Appellant filed a motion to amend her complaint to add additional allegations to paragraph six. The trial

While we recognize that ***Gentry*** places a strict pleading requirement on plaintiffs alleging damages under the GTLA, such is the nature of a GTLA claim. *See* Tenn. Code Ann. § 29-20-201(c) ("When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter."). Accordingly, we agree with the trial court's conclusion that Appellant failed to state a claim for which relief can be granted, as there is simply no allegation that Appellant was injured by the negligent act or omission of a government employee acting within the scope of his or her employment. The trial court's decision dismissing Appellant's complaint is therefore affirmed.

## Conclusion

The decision of the Shelby County Circuit Court is affirmed, and this cause is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant, Louise Brandon, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

court denied the motion on the basis of futility. *See **Hall v. Shelby Cty. Ret. Bd.***, 922 S.W.2d 543, 546 (Tenn. Ct. App. 1995) (holding that "futility of amendment" is an appropriate basis to deny a motion to amend). Appellant, however, did not designate the denial of her motion to amend as an issue on appeal. As such, any assignment of error regarding the denial of the motion or whether the amended language would cure the deficiency under ***Gentry*** is waived in this appeal. *See **Forbess v. Forbess***, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) (citing ***Childress v. Union Realty Co.***, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002); Tenn. R. App. P. 27(b) ("We may consider an issue waived where it is argued in the brief but not designated as an issue.").