**Jane DOE, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF the MEMPHIS CITY SCHOOLS, Defendant–Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

July 17, 1990.

Application for Permission to Appeal Denied by Supreme Court Oct. 1, 1990.

Kathleen L. Caldwell, Memphis, for plaintiff-appellant.

Ernest G. Kelly, Jr., Memphis, for defendant-appellee.

CRAWFORD, Judge.

Plaintiff appeals from the judgment of the trial court for defendant dismissing her suit.

The basic facts are not in dispute. The case was submitted for trial by the court on a stipulation of facts and pretrial depositions filed in the cause. The pertinent undisputed facts are set out in the stipulation filed with the court as follows:

This case involves an assault committed on a Jr. High School teacher in the City School System. The teacher is designated, for purposes of this lawsuit, as Jane Doe. The assault occurred on August 20, 1981 at Humes Jr. High School. It occurred prior to the beginning of the school year at a day when teachers were free to come and set up their class rooms but were not required to be in attendance. It occurred at approximately 8:00 a.m. at a time when personnel were continuing to arrive at the school....

The assault was perpetrated by a felon subsequently identified as Leroy Hamilton. Leroy Hamilton is not an employee of the Memphis City School System and was a pure trespasser and intruder at the time of the assault. He was subsequently sentenced to the penitentiary for this

offense and has been the victim of a homicide during his incarceration.

At the time of the assault, most of the doors to the school were locked, inasmuch as pupils were not in attendance on the day in question, but one door, as described in the deposition of Supervising Building Engineer, Floyd White, had been left with a glove wedged in the door to prevent it from locking so that arriving personnel might have access to the school.

Plaintiff's complaint alleges that defendant, its agents and employees were guilty of negligence which directly and proximately caused plaintiff's injuries. Defendant's answer denies that it was negligent and further avers, among other things that the allegedly negligent act was a discretionary act for which governmental immunity had not been waived.

The trial court, after considering the evidence presented, found that the actions of the school principal concerning the security of the building were in performance of a discretionary function and entered judgment accordingly for the defendant. Plaintiff has appealed. Plaintiff's brief [1] indicates that the two issues presented for review are premised on the grant of a summary judgment by the trial court. Although the trial court inadvertently made a reference to summary judgment in his memorandum opinion, the record is clear that the matter was submitted to the trial court on a stipulation of facts and deposition evidence and the judgment of the court clearly so indicates. We perceive the real issue to be whether the trial court erred in holding for the defendant.

In *Collier v. Memphis Light, Gas & Water Division*, 657 S.W.2d 771 (Tenn.App. 1983), the Court, in speaking of the Tennessee Governmental Tort Liability Act, T.C.A. § 29–20–101 et seq., said:

The enactment of the Act in 1973 was premised explicitly on the absolute immunity of governmental entities:

*General rule of immunity from suit— Exception.*—(a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of said governmental entities wherein said governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

(b) When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

Tenn.Code Ann. § 29–20–201.

This section merely codifies the existing constitutional doctrine as to the immunity from suit of municipalities acting in their governmental capacity, but the Act is equally explicit as to immunity for their activities in a proprietary capacity as well. *See Crowe v. John W. Harton Memorial Hospital*, 579 S.W.2d 888 (Tenn.App.1979).

657 S.W.2d at 775.

After the declaration of absolute immunity, the Act provides for the removal of immunity in connection with various suits against the governmental entities. The case at bar falls into the category of cases covered by T.C.A. § 29–20–205 regarding negligent acts by an employee of the governmental entity. The statute as pertinent to the question before this Court states:

**Removal of immunity for injury caused by negligent act or omission of employees—Exceptions.**—Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

(1) Arises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused;

\* \* \* \* \* \*

Plaintiff argues that defendant was negligent in allowing the door to the school to be open and unattended when it knew or should have known that unauthorized persons could enter through the door and

1. Plaintiff's attorney on appeal is not the attorney who handled the trial of the case.

cause harm to those lawfully on the premises.

Defendant contends that the allegedly negligent act on the part of the defendant through its employees arose out of the "exercise or performance of a discretionary function," and therefore the governmental entity, the Board of Education in this case, is immune from suit. Thus, we are faced with the seminal question of whether the decision to leave a door unlocked and unattended for the ingress and egress of school personnel was a performance of a discretionary function within the meaning of the Act.

The purposes of this immunity for "discretionary functions" is not to protect an erring official, but to insulate the decision-making process from the harassment of prospective litigation. The provision of immunity rests on the view that the threat of liability will make governmental officials unduly timid in carrying out their official duties, and that effective government will be promoted if officials are freed of the costs of vexation and often frivolous damages suits. *Westfall v. Erwin*, 484 U.S. 292, 295 108 S.Ct. 580, 583, 98 L.Ed.2d 619, 625 (1988).

In *Gordon v. City of Henderson*, 766 S.W.2d 784 (Tenn.1989), our Supreme Court stated:

> The [Tennessee Governmental Tort Liability Act] does not define "discretionary function." However, this Court has on several occasions defined the discretionary function immunity under the common law:
>
>> Where the duty is absolute, certain and imperative, and is simply ministerial, the officer is liable in damages to anyone specially injured, either by his omitting to perform the task or by performing it negligently or unskillfully. On the other hand, where his powers are discretionary, and to be exerted or withheld according to his own judgment, he is not liable to any private person for a neglect to exercise those powers, nor for the consequences of a willful exercise of them, where no corruption or malice can be imputed to

him, and he keeps within the scope of his authority.

*Hale v. Johnson,* 140 Tenn. 182, 197, 203 S.W. 949 (1918). See also *Binkley v. Hughes,* 168 Tenn. 86, 73 S.W.2d 1111 (1934); *State ex rel. Robertson v. Farmers' State Bank,* 162 Tenn. 499, 39 S.W.2d 281 (1931).

766 S.W.2d at 786.

In this case, the proof was that the method for securing the school building was left to the discretion of the school principal. In his deposition, Robert D. Raby, the Director of School Security for the Board of Education, testified that "[e]ach principal primarily is responsible for security at their own location." He testified that, although principals are advised to lock their buildings when unoccupied or with minimal staff, other needs must also be considered:

> "Remembering we are also on the other side of the coin, which is the safety aspect of the schools, and that we must provide access or egress exits available for staff and/or children. So, it's kind of a dual standard by one trying to secure a premise and two, by making sure everyone has an exit out. But keeping that in mind, principals and building engineers have been advised to lock the facilities as best they can."

Although much of Raby's testimony concerned balancing the need to prevent access by intruders with the needs for exits from the building in the event of a emergency such a fire, his testimony establishes that all decisions of this type are left to the discretion of the principal. School administrators are the only persons aware of the particular needs of the school, as evidenced by past incidents, and are therefore in the unique position of being the only persons qualified to make informed decisions about school security. This decision-making duty cannot be deemed a simply ministerial task. Under the facts of this case, we hold that plaintiff's injuries arose out of the performance of a discretionary function. While it is regrettable that plaintiff was injured, it is essential that school principals remain unfettered in making decisions to accom-

modate the various needs of the school community.

Based on this holding, we pretermit consideration of any other issue in this cause.

Accordingly, the order of the trial court is affirmed, and this cause is remanded to the trial court for such further proceedings as are necessary. Costs of the appeal are assessed against appellant.

TOMLIN, P.J. (W.S.), and NEARN, (Retired), J., concur.

