IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

FILED

May 9, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

JOYCE ANN NEAL, Individually )
and as parent and next of kin of )
the minor child, BRANDON )
DEVORIS NEAL, )
)
      Plaintiff/Appellant, ) Fayette Circuit No. 3189
)
VS. ) Appeal No. 02A01-9412-CV-00271
)
FAYETTE COUNTY BOARD OF )
EDUCATION, DALE SUMMITT, )
Superintendent of Schools, )
WILLIAM A. WEDDLE, Principal )
of Northwest Elementary School, )
JEAN BELLE, Teacher, )
)
      Defendants/Appellees. )

APPEAL FROM THE CIRCUIT COURT OF FAYETTE COUNTY
AT SOMERVILLE, TENNESSEE
THE HONORABLE JON KERRY BLACKWOOD, JUDGE

DOROTHY W. MCARTHUR
KIM, WILLCOX & MCARTHUR
Memphis, Tennessee
Attorney for Plaintiff/Appellant

JAMES I. PENTECOST
WALDROP AND HALL, P.A.
Jackson, Tennessee
Attorney for Defendants/Appellees

AFFIRMED

ALAN E. HIGHERS, J.

CONCUR:

DAVID R. FARMER, J.

HOLLY KIRBY LILLARD, J.

      This matter arose out of a personal injury action brought against Fayette County

Board of Education by plaintiff, Joyce Ann Neal, as parent and next of kin of Brandon Neal, a minor. Brandon, age eleven, was injured while playing basketball when his finger became caught in the goal. Reasoning that the goal was neither dangerous nor defective and that Brandon caused his own injuries through his misuse of the goal, the trial court held in favor of the school board. On appeal, plaintiff contends that the evidence preponderates against the trial court's determination that the goal was not dangerous or defective. Plaintiff further alleges that the trial court erred in failing to find that the school board was negligent. For the reasons stated below, we find these contentions to be without merit; therefore, we affirm the trial court's judgment.

On May 11, 1992, Brandon Neal, a fifth-grade student, was injured during physical education period at school when, after making several attempts to dunk the basketball into the goal, his "pinky" finger became lodged in a crevice in the goal. As a result, his finger was partially amputated above the first joint.

At the time of the injury, P.E. class was supervised by two fifth-grade teachers, Ms. Belle and Ms. Rhea. Ms. Rhea supervised the boys on the playground, while Ms. Belle supervised the girls inside the classroom and on the adjacent porch. Ms. Rhea was standing about twelve feet from the goal at the time of Brandon's injury.

In support of her contentions, plaintiff relies heavily on the fact that two students had previously suffered similar injuries on the basketball goal. Approximately one year after the goal was installed in 1981, Daryl Campbell, an eighth-grade student, severed his pinky finger when it became lodged in the same "V"-shaped crevice that caused Brandon's injury. Like Brandon, Daryl Campbell was attempting to dunk the ball when his injury occurred. Ten years later, in 1991, Antwone Taylor, a fifth-grade student at the school, broke his finger in the crevice of the goal while he was trying to dunk the ball.

At trial, defendant relied on the doctrine of sovereign immunity to shield it from liability. Plaintiff argues that defendant was not entitled to immunity because immunity is

2

removed for dangerous or defective structures and for some negligent acts and omissions of employees. The applicable provisions are as follows:

> **Removal of immunity for injury from dangerous structures -- Exception -- Notice required. --** (a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
> (b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by Sec. 29-20-302.

T.C.A. § 29-20-204 (1980).

> **Removal of immunity caused by negligent act or omission of employees -- Exceptions. --** Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:
> (1) Arises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused....

T.C.A. § 29-20-205 (1980).

We will first address plaintiff's contention that governmental immunity is removed in the present case because the goal was dangerous and/or defective.

Because this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the trial court's findings of fact. T.R.A.P. 13(d).

In the context of the Governmental Tort Liability Act, Tennessee courts have held that items such as an electrical line, McGaughy v. City of Memphis, 823 S.W. 2d 209 (Tenn. App. 1991), an improperly constructed and installed drainage system, Rediker v. Gillespie, No. 86-367-II, 1987 WL 11763 (Tenn. App. June 5, 1987), and a broken and cracked manhole cover, Bradford v. City of Clarksville, 885 S.W. 2d 78 (Tenn. App. 1994), were defective or dangerous, thereby resulting in removal of governmental immunity.

In this case, however, the structure at issue is neither inherently dangerous nor

3

broken. At the time of the accident, the basketball goal was in the same condition as it was when it was installed in 1981. There were no cracks, breaks, or other problems with the goal. In fact, the sole defect that Brandon was able to identify was the fact that the goal was rusty. Numerous school officials testified that they did not feel that the goal constituted any danger or threat to the students. No teacher had ever complained about the goal or requested its removal. Plaintiff presented no evidence, expert or otherwise, that the goal was dangerous or defective. The fact that two previous injuries occurred, standing alone, is insufficient to establish a dangerous or defective condition, especially when the previous injuries occurred solely due to the students' misuse of the goal.

An intact basketball goal is completely dissimilar to structures such as power lines or other structures that of themselves create danger. We hold that a basketball goal is not a dangerous or defective structure within the meaning of the Governmental Tort Liability Act when it is not in a defective condition and when it is used in its intended manner. Consequently, sovereign immunity may not be removed on this basis.

Plaintiff next contends that the defendant was negligent in failing to adequately supervise the students, failing to warn Brandon of the goal's dangerous propensities, failing to properly instruct Brandon on how to use the goal, and failing to remove the goal after two previous injuries had occurred.

In order to sustain a claim for negligence, plaintiff must prove that defendants had a legally recognized duty to him, that such duty was breached, and that the breach caused his injuries. Roberts v. Robertson County Board of Education, 692 S.W. 2d 863, 869 (Tenn. App. 1985).

Teachers and school officials are not required to be insurers of the safety of students. Id. at 870. They are, however, required to exercise such care as ordinarily reasonable and prudent persons would exercise under the same or similar circumstances. Id.

4

In the present case, two fifth-grade teachers were supervising the students during physical education period. There was testimony to the effect that all of the students, including Brandon, had been instructed not to play rough and not to dunk on the goal. Although Brandon testified that he was never warned about dunking or rough-housing, one of plaintiff's witnesses, a classmate of Brandon's and a fellow fifth-grade student, testified that their teacher had warned them about playing rough on the goal and would chastise students for dunking the ball. In light of the foregoing, we find no merit in plaintiff's contention that defendant was negligent in failing to supervise, warn, or instruct Brandon regarding the basketball goal.

School children invariably suffer a myriad of injuries on all types of playground equipment. These injuries can and do occur without regard to the condition of the equipment. A school cannot anticipate the varied and unexpected acts that occur daily in and about school premises and courts do not impose upon teachers a duty "to anticipate or foresee the hundreds of unexpected student acts that occur daily." Roberts, 692 S.W.2d at 872. To hold the school board liable in the present case would be tantamount to making the school board an insurer of the safety of children, which we decline to do.

We also agree with the trial court that plaintiff has failed to demonstrate any legal causal connection between the defendant's alleged actions or inactions and Brandon's injury. Where the time between a student's act and the resulting injury is so brief that the teacher has no opportunity to prevent such injury, it cannot be said that the teacher's negligence is the proximate cause of the injury. It is apparent from the record that Brandon's misuse of the goal in attempting to slam-dunk the ball caused his injury.

Finally, any alleged negligence on the part of the defendant in failing to remove the goal after the previous injuries would not be actionable because the decision whether to remove the goal would be a discretionary function for which governmental immunity is not removed. Bowers ex rel. Bowers v. City of Chattanooga, 826 S.W.2d 427 (Tenn. 1992). See also, O'Guin v. Corbin, 777 S.W.2d 697 (Tenn. App. 1989)(holding that decision as

5

to whether to place a traffic control device at an intersection was discretionary); <u>Doe v. Board of Education</u>, 799 S.W.2d 246 (Tenn. App. 1990)(holding that decision to leave school door unlocked was discretionary function).

Based upon our review of the record, we conclude that the evidence does not preponderate against the determination of the trial court that the goal was neither dangerous nor defective, that the defendants did not breach their duty to Brandon, and that Brandon caused his own injuries. Accordingly, the trial court's judgment is affirmed. Costs are adjudged against plaintiff.

_____

HIGHERS, J.

CONCUR:

_____

FARMER, J.

_____

LILLARD, J.