**Nikalai DICKERSON, Appellant,**

v.

**The STATE of Texas.**

**No. 0859–98**

Court of Criminal Appeals of Texas.

Feb. 24, 1999.

Henry L. Burkholder, III, Houston, for appellant.

Alan Curry, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## O P I N I O N

MANSFIELD, J., delivered the opinion of the Court, in which McCORMICK, P.J., and KELLER, PRICE, HOLLAND, WOMACK, and KEASLER, JJ., joined.

Appellant, Nikalai Dickerson, pled *nolo contendere* to the charge of driving while intoxicated, first offense. The trial court assessed appellant's punishment at incarcera-

tion for forty days in the Harris County Jail. On appeal, appellant argued that the trial court had erred in denying his motion to suppress certain key evidence against him, to wit: the results of blood alcohol tests made on his blood at a hospital shortly after the conduct for which he was ultimately convicted. The First Court of Appeals rejected appellant's argument. *Dickerson v. State,* 965 S.W.2d 30, 31 (Tex.App.—Houston [1 st Dist.] 1998). We granted appellant's petition for discretionary review to determine whether the Court of Appeals had erred. See Tex.R.App. Proc. 66.3(b).

After reviewing the briefs of the parties and the relevant portions of the record, and after hearing oral argument, we conclude that our decision to grant appellant's petition was improvident. Accordingly, we dismiss appellant's petition. See Tex.R.App. Proc. 69.3.

JOHNSON, J. filed a dissenting opinion.

MEYERS, J., dissented without a written opinion.

JOHNSON, J., dissenting.

The issuance of a subpoena with involvement of neither an impartial magistrate nor a grand jury is, at best, suspect. While appellant did not raise the issue of the validity of the "grand jury subpoena" directly, a challenge is implied in his claim that his records were acquired in violation of the Fourth Amendment requirement that a search be reasonable.

The facts of this case indicate that a deputy of the Harris County Sheriff's Office requested a grand jury subpoena to obtain from hospital records the results of appellant's blood test for drugs and alcohol. There was no evidence known to Deputy Swango at the time to support the request; he had found no drugs or drug paraphernalia and no containers for alcoholic beverages in or near appellant's car after the accident, nor had he or any of the emergency medical workers noted the odor of alcoholic beverages around or coming from appellant. Having no pending charges, no probable cause, and no exigent circumstances, it is unlikely that he could have convinced a magistrate to issue a search

warrant. Likewise, with no offense pending, no subpoena could be properly issued by a grand jury. The so-called "grand jury subpoena" in this case was issued by an Assistant District Attorney in the Harris County District Attorney's Office without a hearing before, or involvement with, an impartial magistrate. While the records might have ultimately been discoverable, Deputy Swango chose to take an improper shortcut; his actions were both improper and premature. For the reasons stated in Judge Price's dissent to *State v. Hardy*, 963 S.W.2d 516, 527–531 (Tex.Crim.App.1997) (Price, J., dissenting), I dissent to the improvident grant.