# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
July 11, 2001 Session

## JAMES S. HILL, ET UX. v. CHARLES LAMBERTH, ET AL.

**A Direct Appeal from the Circuit Court for Houston County
No. 1208; The Honorable Walter Kurtz, Judge by Interchange**

---

### No. M2000-02408-COA-R3-CV - Filed October 2, 2001

---

In this negligence action, plaintiff and his wife sued defendants, county school board and parents of several juveniles, for damages resulting from an eye injury he sustained when he was struck by a rock while attending a high school football game. The trial court granted summary judgment to defendant school board. Plaintiff appeals. We affirm.

### Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

John b. Link, III, Nashville; Jerre M. Hood, Winchester, For Appellants

Kent Krause, Lisa D. York, Nashville, For Appellees

Gregory D. Smith, Clarksville, For Appellee, Sheila Cathey

### OPINION

On October 10, 1997, Plaintiff/Appellant James Hill was struck in the eye by a rock while attending a football game at Houston County High School. The record indicates that a group of juveniles was playing in the area of the spectator stands and that one of the children threw the rock which struck Mr. Hill. The rock shattered Mr. Hill's eyeglasses and a piece of glass became embedded in Mr. Hill's eye. As a result of his injuries, Mr. Hill suffered severe sight loss and has a permanently dilated pupil.

On June 29, 1998, Plaintiff Hill and his wife, Karen Hill, filed this action against the Houston County School Board ("School Board") and various co-defendants, who are not parties to this appeal. In their Complaint, the Hills allege that the School Board, through its school principal, knew of previous incidents involving rock-throwing but nevertheless failed to provide security sufficient

to protect spectators at school football games. On December 8, 1999, the School Board filed a Motion for Summary Judgment on the basis of immunity from liability under the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-201, et seq. ("TGTLA"). On August 8, 2000, following the completion of written discovery and after Plaintiffs had taken several depositions, the trial court entered an order granting summary judgment to the School Board.[1] In its Order, the trial court, rather than addressing governmental immunity, found that foreseeability was the "controlling issue."

Plaintiffs appeal the trial court's order granting the defendant school board summary judgment and present what we perceive to be two issues on appeal: (1) Whether Defendant School Board is immune from liability because the decision whether to provide security and the extent thereof at a school football game is a discretionary function; and (2) Whether the trial court erred in finding that Defendant School Board did not owe Plaintiffs a duty to provide security at the football game because the rock-throwing incident was unforeseeable. We affirm the Order of the trial court, however, we do so on the basis that the School Board is immune from suit under the Tennessee Governmental Tort Liability Act.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 210-11 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding

---

[1] This order was made final pursuant to Tenn.R.Civ.P. 54.02. We should note at this point that another defendant in the trial court, Shelia Cathey, filed an appellate brief in this case, although plaintiffs did not appeal the order of the trial court granting summary judgment to defendant Cathey. Obviously, Defendants did not file a notice of appeal as to defendant Cathey, because the order is not a final judgment appealable as of right at this time.

a trial court's grant of summary judgment. ***See Bain***, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is ***de novo*** on the record before this Court. ***See Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997).

The TGTLA governs this case, and courts are required to strictly construe the Act, because the Act is in derogation of the common law. ***See, e.g., Lockhart v. Jackson-Madison County General Hospital***, 793 S.W.2d 943, 945 (Tenn. Ct. App. 1990); ***Doe v. Board of Educ. of Memphis City Schools***, 799 S.W.2d 246, 247 (Tenn. Ct. App. 1990). The TGTLA provides that the government is immune from tort liability unless the Act specifically removes immunity. ***See*** T.C.A. § 29-20-201 (West 2000). Pertinent to the inquiry before the Court, is T.C.A. § 29-20-205, which provides in pertinent part:

> **29-20-205. Removal of immunity for injury caused by negligent act or omission of employees - Exceptions - Immunity for year 2000 computer calculation errors. -** Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused; ...

T.C.A. § 29-20-205 (1) (2000).

The first issue is appropriate for summary judgment because there is no factual dispute concerning the Board's action, acting through the school principal. The determinative issue in this case is whether Principal Bell's decision not to provide uniformed security personnel at the football game in question was a "discretionary act." The benchmark for consideration of this issue is the decision of our Supreme Court in ***Bowers by Bowers v. City of Chattanooga***, 826 S.W.2d 427 (Tenn. 1992) adopting the planning/operational test for determining if the alleged negligent conduct of the governmental entity arises out of the performance of a discretionary function. The Court said:

> Under the planning-operational test, decisions that rise to the level of planning or policy-making are considered discretionary acts which do not give rise to tort liability, while decisions that are merely operational are not considered discretionary acts and, therefore, do not give rise to immunity. ***See Carlson v. State***, 598 P.2d 969, 972 (Alaska 1979). The distinction between planning and operational depends on the type of decision rather than merely the identity of the decision maker. ***See id.*** We caution that this distinction serves only to aid in determining when discretionary function immunity applies; ***discretionary function immunity attaches to all conduct properly involving the balancing of policy considerations***. Therefore, there may be occasions where an "operational act" is entitled to immunity,

where, for instance, the operational actor is properly charged with balancing policy considerations. *See United States v. Gaubert,* 499 U.S. \_\_\_\_, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) (recognizing that operational activities grounded in policy are entitled to discretionary function immunity).

*Id.* at 430-31 (emphasis added).

In *Doe v. Coffee County Bd. of Education*, 852 S.W.2d 899 (Tenn. Ct. App. 1992), this Court said:

> Identifying the governmental decisions and actions that involve policy judgment requires a consideration of the original purpose of the discretionary function exemption. The purpose of the Tennessee Governmental Tort Liability Act is to define the circumstances when local governmental entities may be sued for negligence as if they were a private person. Tenn. Code Ann. § 29-20-206 (1980). In recognition of the constitutional principle of separation of powers, the discretionary function exception was intended to prevent the use of tort actions to second-guess what are essentially executive or legislative decisions involving social, political, economic, scientific, or professional policies or some mixture of these policies.

852 S.W.2d at 907 (citations omitted).

The *Bowers* Court recognized the propriety of judicial review of the questioned decision:

> The discretionary function exception "recognizes that courts are ill-equipped to investigate and balance the numerous factors that go into an executive or legislative decision" and therefore allows the government to operate without undue interference by the courts. *See Wainscott v. State*, 642 P.2d 1355, 1356 (Alaska 1982).

826 S.W.2d at 431.

The football game at issue in this case was held under the auspices of the Tennessee Secondary School Athletic Association (the "TSSAA"). The record in this case establishes that Principal Bell was the person charged with making decisions regarding security measures for football games under the TSSAA Bylaws. Article IV, §§ 7 and 8 of the Bylaws provide, in relevant part:

> All games shall be properly supervised to insure sportsmanlike contests. The host school shall be responsible for providing ***sufficient security to insure orderly conduct on the part of all***

-4-

> *spectators*. If the game is played on a neutral field and neither team is designated as the host team, the competing schools shall share the responsibility of providing sufficient security.

> \* \* \*

> The principal of each school, in all matters pertaining to the athletic relations of his school, is responsible to this Association. ***The principal shall exercise control over all finances, the scheduling of contests, and all other matters involved in the management of the school's athletic program.***

(emphasis added). Principal Bell testified in deposition that he considered many factors in determining what "sufficient security" was under the guidelines, including: (1) the size of the crowd anticipated at the ball game; (2) the fact that the teams playing were not rival teams; (3) the potential negative influence the use of uniformed security personnel would have on students; (4) his fifteen years of experience; and (5) the cost of providing added security. We believe that Principal Bell's decision reflects his position as the "individual. . . charged with the formulation of plans or policies" under the ***Bowers*** analysis above.

We also believe that judicial second-guessing of executive decisions is inappropriate in this case. This Court has recognized that:

> School administrators are the only persons aware of the particular needs of the school. . . and are therefore in the unique position of being the only persons qualified to make informed decisions about school security. This decision-making duty cannot be deemed a simply ministerial task.

***Doe v. Board of Educ. of Memphis City Schools***, 799 S.W.2d at 248. Similarly this Court has held that a school principal's decision not to allocate limited financial resources for added security is not actionable under the TGTLA, in spite of the fact that such a decision may have been unwise. ***See Chudasama v. Metropolitan Gov't of Nashville & Davidson County***, 914 S.W.2d 922, 925 (Tenn. Ct. App. 1995). The correctness of Principal Bell's decision is subject to debate, but the courts are ill-equipped to review the decision.

Although the trial court granted summary judgment on the basis of foreseeability, this Court may affirm the trial court's decision when rendered on different grounds. ***See Wood v. Parker***, 901 S.W.2d 374 (Tenn. Ct. App. 1995). Accordingly, the order of the trial court granting the school board summary judgment is affirmed on the basis of discretionary function immunity under the TGTLA. The second issue set out above presented on appeal is pretermitted. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed to appellants, James S. Hill and Karen Hill, and their surety.

_____

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.