IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 4, 2005 Session

## BECKY ELLIOTT v. DONNA AKEY, INDIVIDUALLY AND D/B/A OWNER OF PLAZA RESTAURANT

Appeal from the Circuit Court for Blount County
No. L-14016     W. Dale Young, Judge

No. E2004-01478-COA-R3-CV - FILED APRIL 27, 2005

This appeal involves a dispute between a former employee and her employer. Becky Elliott filed suit in Blount County Circuit Court alleging that Donna Akey failed to properly train and supervise employees at her restaurant in Loudon County, Tennessee resulting in an unsafe workplace. Because the workplace was unsafe, Ms. Elliott claims she had to quit her job and was damaged. According to the complaint, the Plaintiff resided in Blount County, the Defendant resided and operated the business in Loudon County, and the cause of action arose in Loudon County. The trial court granted the Defendant's motion to dismiss for improper venue and awarded sanctions to the Defendant. After careful review, we hold that 1) the trial court properly granted the Defendant's motion to dismiss for improper venue, 2) the trial court properly denied the Plaintiff's motion for default judgment, and 3) the trial court erred in awarding sanctions to the Defendant. Accordingly, we affirm the decision of the trial court in part and reverse in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part; Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ., joined.

Becky Elliott, *pro se*

Robert G. Hinton, Lenoir City, Tennessee, for Appellee Mrs. Donna Akey, individually and D/B/A owner of Plaza Restaurant

### OPINION

Becky Elliott was formerly employed by Donna Akey at the Plaza Restaurant in Tellico Village, Loudon County, Tennessee. On December 12, 2003, Mrs. Elliot filed her lawsuit against Mrs. Akey, individually and doing business as owner of Plaza Restaurant, claiming damages as a result of having quit her job at the Defendant's restaurant because of alleged unsafe conditions due

to improper training and supervision of certain employees. The suit, which was filed in the Circuit Court for Blount County, alleges that the Plaintiff was a resident of Blount County, the Defendant was a resident of Loudon County, and the lawsuit arose out of an incident caused by the Defendant's failure to properly train and supervise her employees at the Plaza Restaurant located in Loudon County. The Plaintiff filed a motion for default judgment on January 23, 2004 asserting that the Defendant had failed to file an answer within 30 days and seeking a judgment by default and an order requiring the Defendant to remit to the Plaintiff damages in the amount of $60,000 payable by cashiers check on or before February 1, 2004.

Although the record does not reflect when the Defendant was served with process, the Defendant filed an answer on February 9, 2004. The Defendant denied any liability to the Plaintiff, asserted that Plaza Restaurant was a corporation and as such had not been properly named or served, and requested sanctions against the Plaintiff. The Plaintiff objected to the answer and in a series of motions sought to have the trial court set the answer aside and award a default judgment because the answer was filed after the expiration of the "30 day period." Following a hearing on April 2, 2004, the trial court ruled that the Defendant had properly filed an answer and overruled the Plaintiff's motions regarding the answer and default judgment. The Defendant filed a motion to dismiss on April 19, 2004, asserting that venue did not lie in Blount County because according to the complaint, the Plaintiff's cause of action arose in Loudon County, the Defendant resided in Loudon County, and the restaurant was headquartered in Loudon County. Following a hearing, the trial court granted the motion to dismiss finding that the allegations in the complaint indicated that all actions complained of took place in Loudon County and that the Defendant and her business were situated in Loudon County. The trial court further granted the Defendant's request for Rule 11 sanctions and, based on the affidavit of Defendant's counsel verifying his attorney's fees and expenses, awarded sanctions in the amount of $2,805.40 against the Plaintiff.

Becky Elliott appeals, raising the following issues, as restated, for our review:
1. Did the trial court err in overruling the Plaintiff's motion for default judgment?
2. Did the trial court err in dismissing the complaint based on improper venue?
3. Did the trial court err in awarding the Defendant sanctions against the Plaintiff?

We note at the outset the Plaintiff in her brief failed to cite any supporting authority for her arguments, except for vague references to Tenn. R. Civ. P. 12 and Tenn. R. Civ. P. 55. Parties are required by Tenn. R. App. P. 27(a) (7) to cite authority for their positions. Despite this noncompliance with the rules, we will, in the interest of justice, consider the issues raised by the Plaintiff in this appeal. In this non-jury case, our review is *de novo* upon the record of the proceedings below; but the record comes to us with a presumption of correctness as to the trial court's factual determinations which we must honor unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn. 1995); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are accorded no such presumption. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett,* 860 S.W.2d 857, 859 (Tenn. 1993).

The Plaintiff first argues that the trial court should have granted her motion for default judgment because the Defendant failed to file her answer within 30 days of service of the complaint. We disagree. Tenn.R. Civ. P. 12.01 provides that a defendant "shall serve an answer within 30 days after the service of the summons and complaint against him." The answer is not due 30 days after the filing of the complaint as the Defendant seems to argue, but rather 30 days after the *service* of the summons *and* the complaint. The record is silent as to when the Defendant was served with the summons and complaint, so we do not know whether or when the answer was filed after the expiration of the 30-day period as set forth in Tenn. R. Civ. P. 12.01. It also is unclear from the record if the Plaintiff attached a copy of the complaint to her summons. If the Plaintiff failed to do this, then service merely of the summons on the Defendant would not have been sufficient service to commence the running of the 30 days. However, even assuming that service was proper and that the answer was filed late, the trial court had the authority for cause shown, at any time in its discretion, to enlarge the time for answering, with or without a motion being filed, if the request was made before the expiration of the time for answering, or upon motion after the expiration of the time for answering, where the failure to act was the result of excusable neglect. Tenn. R. Civ. P. 6.02. The decision to grant or deny a motion for default judgment lies in the sound discretion of the trial court, see Tenn. R. Civ. P. 55.01, and we will not disturb such a decision on appeal absent a showing that the trial court abused that discretion. Appellate courts should permit a discretionary decision to stand if reasonable judicial minds can differ concerning its soundness. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999). We find that the trial court did not commit error and did not abuse its discretion by not setting aside the Defendant's answer or by allowing an enlargement of time for the filing of the answer.

Next the plaintiff argues that the trial court erred in dismissing her complaint based on improper venue. In reviewing this issue, we must first determine whether this is a local or a transitory action. A local action is an action in which the injury occurred to an immovable object; the classic example is an action involving injury to real property. A transitory action is an action in which the injury occurred to a subject having a movable location and, therefore, could have occurred anywhere; examples are tort and contract actions. *Curtis v. Garrison*, 364 S.W.2d 933 (Tenn. 1963).

Ms. Elliott alleges an injury to the person, rather than an injury to real estate. Ms. Elliott's cause of action could have arisen anywhere, rather than in only one place. Because Ms. Elliot alleges a transitory action, we turn to Tenn. Code Ann. § 20-4-101 for guidance. This statute provides in pertinent part:

> (a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.
> (b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the

county where the cause of action arose or in the county of their residence.

Section (a) of this statute applies because the parties reside in different counties. Based on a review of Tenn. Code Ann. § 20-4-101(a) and the allegations in the complaint, it is clear that venue is proper only in Loudon County, Tennessee and that Blount County, the county where the suit was filed, does not have jurisdiction to hear the case. The trial court's order reflects that it relied on section (b) in dismissing the case. Although this was an incorrect reference, we will affirm a trial court's decree if correct in result even though rendered on different grounds. *Hill v. Lamberth*, 73 S.W.3d 131, 136 (Tenn. Ct. App. 2001) and *Hopkins v. Hopkins*, 572 S.W.2d 639, 641 (Tenn. 1978). Venue for this suit did not lie in Blount County, but rather in Loudon County. No request for transfer was made by the Plaintiff pursuant to Tenn. Code Ann. § 16-1-116. Such a transfer, if it had been requested, would have been in the discretion of the trial court. We do not find that the trial court abused its discretion or committed any error by not transferring the case on its own motion.

We note that the Plaintiff is a *pro se* litigant and as such may not have been aware of the venue requirements. Courts should and do take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, we must also be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary. Thus, we cannot excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996). We can neither overlook nor ignore a failure to comply with the law regarding a substantive matter such as venue. Accordingly, we hold that the trial court properly granted the motion to dismiss.

Next, we turn to the issue of the sanctions imposed under Tenn. R. Civ. P. 11. Rule 11.03 contains specific procedural requirements which provide in relevant part as follows:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation.
> (1) How Initiated.
> (a) *By Motion*. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court

may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

This rule contains what is known as the 21-day "safe harbor" provision. It serves the important dual role of providing parties notice and fair warning that an adversary is proposing seeking sanctions, and serving as a deterrent to frivolous, unsupported or otherwise improper pleadings being filed in the first place.

The record indicates that the Defendant requested the imposition of sanctions in her answer and reiterated her request in her motion to dismiss. The record does not indicate that the Defendant filed a motion separately from other motions, or that the request for sanctions contained a description of the specific conduct alleged to violate subdivision 11.02, or that the Plaintiff was served with the required notice of the Rule 11 motion prior to its filing with the trial court. Furthermore, Rule 11.03(3) requires that when imposing sanctions, the trial court must describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed. The trial court's order in this case does not comply with Rule 11.

This court was presented with a situation similar to the present case in *McGahey v. McGahey*, 2003 WL 22272350, 2003 Tenn. App. LEXIS 714, No. W2003-01051-COA-R3-CV (Tenn. App. W. S. filed October 1, 2003). The *McGahey* court ruled as follows:

> As cited *supra*, Rule 11.03(3), Tenn. R. Civ. P., clearly requires the trial court to "describe the conduct determined to constitute a violation of [Rule 11] and explain the basis for the sanction imposed." Here, the trial court states that the case "was settled with advice of counsel," and that "the allegations in the petition to alter or amend are unfounded by proof." While the trial court found that there was not sufficient proof to show that Ms. Hoover was incompetent, the fact that Ms. Shackelford lost the case does not constitute a basis for Rule 11 sanctions. The trial court failed to make a specific finding that Ms. Shackelford violated Rule 11 by failing to investigate the facts upon which the Motion was made and by failing to have evidentiary support for the allegations. Such failure to explain is in direct violation of Rule 11.03(3), Tenn.R. Civ. P. Therefore, we reverse the Order of the trial court to the extent that it imposes Rule 11 sanctions upon the Appellant and her counsel.

In accordance with our ruling in *McGahey*, we find it necessary to reverse the order of sanctions against the Plaintiff.

The Plaintiff argues in her brief, and also argued in the trial court, that the trial judge and opposing counsel acted unfairly, unprofessionally and in violation of various ethics rules. We disagree. We find absolutely nothing in the record to support the Plaintiff's contention of a violation of the code of judicial conduct by the trial judge or a violation of the code of professional conduct by counsel for the Defendant. Although we are reversing the award of sanctions in this matter, nothing herein should be construed to indicate that we believe the trial judge or counsel for the Defendant was dishonorable, acted in any improper manner, or violated any rules of conduct.

For the aforementioned reasons, the judgment of the trial court is reversed as to the award of sanctions, affirmed as to all other matters, and remanded for collection of costs below. Exercising our discretion, costs on appeal are assessed to the Appellant, Becky Elliott and her surety, for which execution may issue if necessary.

_____
SHARON G. LEE, JUDGE