IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 22, 2014 Session

# DORIS JEAN KERR, INDIVIDUALLY, AND ON BEHALF OF WILLIE M. KERR v. TOMMY C. THOMPSON, M.D.

**Appeal from the Circuit Court for Shelby County**
**No. CT00278311      John R. McCarroll, Jr., Judge**

_____

**No. W2014-00628-COA-R9-CV –Filed June 9, 2015**
_____

The trial court denied the defendant doctor's motion to dismiss this medical malpractice action on the ground that the plaintiff had substantially complied with Tennessee Code Annotated Section 29-26-122, despite the fact that her certificate of good faith did not contain a statement that the executing party had no prior violations of the good faith certificate requirement. This Court granted an interlocutory appeal. While this appeal was pending, the Tennessee Supreme Court issued its Opinion in ***Davis v. Ibach***, No. W2013-02514-SC-R11-CV, --- S.W.3d ---, 2015 WL 3451613 (Tenn. May 29, 2015), ruling that Tennessee Code Annotated Section 29-26-122 does not require a party executing a certificate of good faith to note the absence of any prior violations of the good faith certificate requirement. Based on ***Davis***, we conclude that plaintiff's certificate of good faith was fully compliant with Tennessee Code Annotated Section 29-26-122. Accordingly, although we rely on different grounds, we affirm the trial court's ruling denying the defendant doctor's motion to dismiss.

**Tenn. R. App. P.9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and DAVID R. FARMER, SP. J., joined.

John C. Ryland and Michael G. McLaren, Memphis, Tennessee, for the appellant, Tommy C. Thompson, M.D.

Linda K. Garner, Memphis, Tennessee, for the appellee, Doris Jean Kerr, Individually and on behalf of Willie M. Kerr.

# MEMORANDUM OPINION[1]

## Background

Plaintiff/Appellee Doris Jean Kerr, individually and on behalf of her deceased husband, Willie M. Kerr, filed a complaint for medical malpractice against Defendant/Appellant Tommy C. Thompson, M.D., on June 9, 2011. The complaint alleged that Dr. Thompson failed to obtain informed consent prior to performing a medical procedure on Mr. Kerr, which procedure ultimately resulted in Mr. Kerr's death. In her complaint, Ms. Kerr alleged that she had requested Mr. Kerr's medical records, but that Dr. Thompson had refused to provide them.

Contemporaneously with the filing of her complaint, Ms. Kerr filed a certificate of good faith, as required by the Tennessee Medical Malpractice Act ("Medical Malpractice Act"),[2] Tennessee Code Annotated Section 29-26-122. The certificate of good faith, however, failed to disclose the number of prior violations of Tennessee Code Annotated Section 29-26-122 that had been committed by the executing party.

On November 14, 2011, Ms. Kerr filed an amended complaint adding additional allegations related to Dr. Thompson's failure to provide Mr. Kerr's medical records. On May 8, 2012, Dr. Thompson filed a motion to dismiss Ms. Kerr's complaint due to her failure to comply with both Tennessee Code Annotated Section 29-26-121 and Tennessee Code Annotated Section 29-26-122. Specifically with regard to Tennessee Code Annotated Section 29-26-121, Dr. Thompson alleged that Ms. Kerr failed to file a Certificate of Mailing and

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] In 2012, the General Assembly amended the Medical Malpractice Act to replace the term "medical malpractice" with the term "health care liability." *See* Act of Apr. 23, 2012, ch. 798, 2012 Tenn. Pub. Acts. In this appeal, we will use the former term, as it was the term in use at the time Ms. Kerr filed her complaint.

Affidavit demonstrating compliance with the pre-suit notice requirements of the statute. With regard to Tennessee Code Annotated Section 29-26-122, Dr. Thompson argued that the failure to disclose, on the face of the good faith certificate, the number of prior violations of that statute by the individual executing Ms. Kerr's good faith certificate required dismissal of Ms. Kerr's complaint. Dr. Thompson later filed an answer to the amended complaint, denying the material allegations contained therein. Ms. Kerr responded in opposition to the motion to dismiss.

On August 13, 2013, Ms. Kerr filed a motion seeking leave to amend her complaint to correct deficiencies in both her complaint and certificate of good faith.[3] According to Dr. Thompson, however, Ms. Kerr did not seek an extension of time to file a fully compliant certificate of good faith pursuant to Tennessee Code Annotated Section 29-26-122(c).

The trial court held a hearing on Dr. Thompson's motion to dismiss on August 20, 2013. At the motion hearing, the trial court deferred ruling in order to allow Ms. Kerr's counsel to file an affidavit regarding Dr. Thompson's alleged failure to provide Mr. Kerr's medical records. On August 26, 2013, Ms. Kerr's attorney filed an affidavit recounting the difficulties encountered in serving Dr. Thompson and securing Mr. Kerr's medical records. In her affidavit, Ms. Kerr's counsel also indicated that the number of her prior violations of the good faith certificate requirement was zero.

On September 10, 2013, Dr. Thompson filed a reply to Ms. Kerr's response to the motion to dismiss, which included an affidavit from Dr. Thompson in which he stated that he complied with the standard of care in obtaining informed consent from Mr. Kerr. In addition, Dr. Thompson alleged that Mr. Kerr memorialized his consent by executing a Consent and Authorization Form. On September 30, 2013, Ms. Kerr's attorney filed an additional affidavit stating that she did not receive Mr. Kerr's purported Consent and Authorization Form in her initial request for Mr. Kerr's medical records, but that she did receive a copy on September 23, 2013. Ms. Kerr's counsel indicated that she requested to review the original form, but that Dr. Thompson had failed to make the form available. Due to discrepancies in the copy of the purported Consent and Authorization Form furnished to Ms. Kerr, her attorney indicated that Mr. Kerr's family disputed the authenticity of Mr. Kerr's signature on the form.

On October 8, 2013, the parties entered a consent order stipulating that the affidavit filed by Ms. Kerr's counsel on September 30, 2013 was irrelevant to the issues raised in Dr. Thompson's motion to dismiss. On November 26, 2013, the trial court entered an order denying the motion to dismiss, finding that Ms. Kerr had failed to file a Certificate of Mailing and Affidavit with her complaint and that Ms. Kerr failed to file the pre-suit

---

[3] The trial court never specifically ruled on Ms. Kerr's motion to amend her complaint.

notification documents with her complaint. However, the trial court ruled that Dr. Thompson's failure to provide medical records and efforts to avoid pre-suit notice constituted extraordinary cause to excuse non-compliance with Tennessee Code Annotated Section 29-26-121. The trial court further ruled that while Ms. Kerr's failure to comply with Tennessee Code Annotated Section 29-26-122 was not excused by extraordinary cause, the good faith content requirements mandated only substantial, rather than strict compliance. Because the trial court concluded that Ms. Kerr's good faith certificate substantially complied with the statute, the trial court declined to dismiss her complaint.

On December 16, 2013, Dr. Thompson filed a motion for an interlocutory appeal in the trial court. In his motion, Dr. Thompson asked that the trial court grant an interlocutory appeal solely on the issue of Ms. Kerr's alleged failure to comply with Tennessee Code Annotated Section 29-26-122's certificate of good faith requirement. Dr. Thompson did not ask for an interlocutory appeal concerning the trial court's ruling that Ms. Kerr's failure to strictly comply with Tennessee Code Annotated Section 29-26-121 was excused by extraordinary cause.

Eventually on March 27, 2014, the trial court granted Dr. Thompson's motion for an interlocutory appeal concerning only whether dismissal was proper due to Ms. Kerr's alleged failure to strictly comply with Tennessee Code Annotated Section 29-26-122. This Court also granted the interlocutory appeal by order of May 29, 2014, expressly limiting the issues to consideration of Ms. Kerr's alleged failure to comply with Tennessee Code Annotated Section 29-26-122.

The Court heard oral argument in this cause on October 22, 2014. However, on November 19, 2014, the Tennessee Supreme Court granted a Rule 11 application in the case of ***Davis v. Ibach***, No. W2013-02514-SC-R11-CV, --- S.W.3d ---, 2015 WL 3451613 (Tenn. 2015) ("***Davis***"). On December 18, 2014, the Supreme Court entered an order in which it informed the parties that is was particularly interested in the effect, if any, of the plaintiff's failure to indicate zero prior violations of the certificate of good faith requirements. Because the alleged violation of Tennessee Code Annotated Section 29-26-122 in ***Davis*** was the same violation alleged in this case, this Court entered an order on December 22, 2014, holding this case in abeyance pending resolution of ***Davis***. On May 29, 2015, the Tennessee Supreme Court issued its Opinion in ***Davis***, discussed in detail, *infra*. Therefore, this case is now ripe for appellate review.

**Discussion**

As we perceive it, this case involves only a single issue: whether Ms. Kerr's failure to indicate no prior violations of the good faith certificate requirement on her certificate of good

4

faith is a violation of Tennessee Code Annotated Section 29-26-122 that subjects her complaint to dismissal with prejudice. Based on the holding in *Davis*, we conclude that it is not.

First, we note that there is no dispute in this case that Ms. Kerr was required to file a certificate of good faith contemporaneously with the filing of her medical malpractice suit. According to Tennessee Code Annotated Section 29-26-122(a):

> In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. . . . .

In addition to other requirements not at issue in this case, Tennessee Code Annotated Section 29-26-122 requires that the certificate of good faith "shall disclose the number of prior violations of this section by the executing party." Tenn. Code Ann. § 29-26-122(d)(4).

Here, there is no dispute that Ms. Kerr's certificate of good faith gave no indication as to the number of prior violations of Tennessee Code Annotated Section 29-26-122 committed by the executing party, in this case Ms. Kerr's counsel. However, it is also undisputed that Ms. Kerr's counsel had no prior violations of the statute to disclose. Regardless, Dr. Thompson argues on appeal that Ms. Kerr was required to disclose the absence of prior violations in her certificate of good faith; her failure to do so, he argues, subjects Ms. Kerr's complaint to dismissal with prejudice.

Like this case, the *Davis* case also involved a plaintiff's failure to disclose the absence of prior violations of Tennessee Code Annotated Section 29-26-122 in her certificate of good faith. In *Davis*, the plaintiff wife filed a medical malpractice action against several defendants in relation to the medical treatment that allegedly led to her husband's death. *Davis*, 2015 WL 3451613, at *1. Thereafter, plaintiff filed a certificate of good faith pursuant to Tennessee Code Annotated Section 29-26-122. Years later, the defendants filed separate motions to dismiss the complaint on the basis that plaintiff's certificate of good faith "[d]id not list the number of prior violations of plaintiff's counsel" as required by Tennessee Code Annotated Section 29-26-122(d)(4). It was undisputed that the certificate of good faith filed by plaintiff did not include any statement regarding the number of prior violations of Tennessee Code Annotated Section 29-26-122 by the executing party. However, it was also

5

undisputed that plaintiff's counsel had no prior violations of the good faith certificate requirement.

Thereafter, plaintiff filed a notice of voluntary dismissal pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure. The defendants opposed the dismissal without prejudice, arguing that plaintiff's failure to comply with Tennessee Code Annotated Section 29-26-122(d)(4) necessitated a dismissal with prejudice. The trial court nevertheless entered an order granting the plaintiff an involuntary dismissal without prejudice. The defendants appealed, and this Court affirmed. *See Davis v. Ibach*, No. W2013-02514-COA-R3-CV, 2014 WL 3368847, at *3–*4 (Tenn. Ct. App. July 9, 2014) ("*Davis I*"). The Court of Appeals assumed, without deciding, that plaintiff's certificate of good faith was non-compliant with Tennessee Code Annotated Section 29-26-122(d)(4) because it did not state that the executing party had no prior violations of the good faith certificate requirement. *Davis I*, at *2 n.8. Regardless, the Court of Appeals held that the trial court had the authority to enter an order of voluntary dismissal without prejudice. *Id.* at *4.

The Tennessee Supreme Court subsequently granted the defendant's application for permission to appeal. *Davis*, 2015 WL 3451613, at *2. As previously discussed, the Tennessee Supreme Court indicated by order that it was particularly interested in the question of whether plaintiff's failure to explicitly state that the party executing her certificate of good faith had no prior violations of the statute constituted non-compliance with Tennessee Code Annotated Section 29-26-122(d)(4). Indeed, the Court focused on that issue in its Opinion and ultimately determined that Tennessee Code Annotated Section 29-26-122(d)(4) did not require an executing party to disclose the absence of prior violations of the good faith certificate requirement. *Id.* at *3. Therefore, plaintiff did not "fail[] . . . to file a certificate of good faith in compliance with" Tennessee Code Annotated Section 29-26-122. Accordingly, the Tennessee Supreme Court affirmed the judgment of both the trial court and the Court of Appeals that dismissal with prejudice was not required. *Id.* at *4.

In reaching its decision, the Tennessee Supreme Court first considered the plain language of Tennessee Code Annotated Section 29-26-122(d)(4), which states: "A certificate of good faith should disclose the number of prior violations of this section by the executing party." The Tennessee Supreme Court then concluded that prior Court of Appeals' decisions requiring that a certificate of good faith disclose the absence of prior violations were "inconsistent with a fair reading of the language of" Tennessee Code Annotated Section 29-26-122(d)(4). *See Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3CV, 2013 WL 817032, at *7 (Tenn. Ct. App. Mar. 5, 2013), *app. denied* (Tenn. May 15, 2014); *Caldwell v. Vanderbilt Univ.*, No. M2012-00328-COA-R3-CV, 2013 WL 655239, at *6 (Tenn. Ct. App. Feb. 20, 2013); *see also Stovall v. UHS Lakeside, LLC*, No. W2013-01504-COA-R9-CV, 2014 WL 2155345, at *1, *5 (Tenn. Ct. App. Apr. 22, 2014) (inferring

6

without deciding, that a plaintiff's failure to disclose the absence of prior violations of the good faith certificate requirement constituted non-compliance with Tenn. Code Ann. § 29-26-122(d)(4)). According to the Court:

> On its face, the plain language of the statute requires disclosure of "the number of prior violations of this section by the executing party." Tenn. Code Ann. § 29-26-122(d)(4) (emphasis added). It does not require disclosure of whether or not there have been any prior violations. The General Assembly easily could have worded the statute to instruct a party to disclose whether or not there have been any prior violations and, if so, the number of such prior violations. It did not do so. Logically, if there have not been any prior violations, there is no "number of prior violations" to disclose. Therefore, we conclude that the requirement of Tennessee Code Annotated section 29-26-122(d)(4) that a certificate of good faith disclose the number of prior violations of the statute does not require disclosure of the absence of any prior violations of the statute.

*Davis*, 2015 WL 3451613, at *3 (footnote omitted). Thus, the Tennessee Supreme Court expressly overruled any prior Court of Appeals decisions that held that Tennessee Code Annotated Section 29-26-122(d)(4) required a plaintiff to disclose the absence of any prior violations of the good faith certificate requirement. *Id.* at *3, n.7. Because the Court concluded that plaintiff's certificate of good faith complied with Tennessee Code Annotated Section 29-26-122(d)(4), the Tennessee Supreme Court further held that the trial court did not err in allowing plaintiff to take a voluntary dismissal without prejudice. *Id.* at *4.

In this case, the only violation of Tennessee Code Annotated Section 29-26-122 alleged by Dr. Thompson is Ms. Kerr's failure to indicate the number of prior violations of the certificate of good faith requirement by her executing party. However, the *Davis* Court clearly held that this omission is not a violation of Tennessee Code Annotated Section 29-26-122. *Davis*, 2015 WL 3451613, at *3. Consequently, Ms. Kerr's failure to indicate the absence of any prior violations does not constitute a "failure . . . to file a certificate of good faith in compliance with" Tennessee Code Annotated Section 29-26-122, which failure would subject her complaint to a dismissal with prejudice. Accordingly, Dr. Thompson was not entitled to dismissal of Ms. Kerr's complaint on that basis. Based on the forgoing, we affirm the trial court's decision denying Dr. Thompson's motion to dismiss on the ground

7

that Ms. Kerr's certificate of good faith was fully compliant with Tennessee Code Annotated Section 29-26-122. All other issues are pretermitted.[4]

## Conclusion

The judgment of the Circuit Court of Shelby County is affirmed and this cause is remanded to the trial court for further proceedings in accordance with this Opinion. Costs of this appeal are taxed to Appellant Tommy C. Thompson, M.D., and his surety.

_____
J. STEVEN STAFFORD, JUDGE

---

[4] In their briefs, the parties urge this Court to establish a broad holding regarding the content requirements of the Tennessee Code Annotated Section 29-26-122 good faith certificate statute. Dr. Thompson argues that a plaintiff must strictly comply with the content requirements of Tennessee Code Annotated Section 29-26-122 and that non-compliance subjects a medical malpractice suit to dismissal with prejudice. *See generally* Tenn. Code Ann. § 29-26-122(c) ("The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice."). In contrast, Ms. Kerr argues that plaintiffs must only substantially comply with the content requirements of Tennessee Code Annotated Section 29-26-122, and that her certificate of good faith substantially complied with the statute, despite her failure to disclose that the party executing her certificate of good faith had no prior violations of the statute. *See generally **Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.***, 418 S.W.3d 547, 555 (Tenn. 2013) (holding that a plaintiff need only substantially comply with the content requirements of Tenn. Code Ann. § 29-26-121(a)(2)(E)). Both parties presume that Ms. Kerr's failure to disclose the fact that the party executing her certificate of good faith had no prior violations of the statute was not strictly compliant with the statute. However, the ***Davis*** Court resolved the parties' dispute by holding that Tennessee Code Annotated Section 29-26-122(d)(4) does not require a plaintiff to disclose the absence of any prior violations of a party executing a certificate of good faith. Accordingly, Ms. Kerr's certificate of good faith was strictly compliant with the statute, and we need not consider whether substantial compliance is sufficient to comply with the content requirements at issue. Any discussion of that issue would, therefore, be advisory at best. *See **Colonial Pipeline Co. v. Morgan***, 263 S.W.3d 827, 838 (Tenn. 2008) ("Courts . . . may not render advisory opinions based on hypothetical facts.") (citing ***Third Nat'l Bank v. Carver***, 31 Tenn.App. 520, 218 S.W.2d 66, 69 (Tenn. Ct. App. 1948)). Furthermore, this Court is permitted to affirm a trial court's decision on grounds other than those relied upon by the trial court. *See **Hill v. Lamberth***, 73 S.W.3d 131, 136 (Tenn. Ct. App. 2001) (citing ***Wood v. Parker***, 901 S.W.2d 374 (Tenn. Ct. App. 1995)). Consequently, we decline to consider the question of whether the content requirements of Tennessee Code Annotated Section 29-26-122 are satisfied by either strict or substantial compliance.